(68 Misc. Rep. 449.)

### ARNOLD v. GREENE GOLD–SILVER CO.

(Supreme Court, Special Term, New York County. July, 1910.)

1. BANKRUPTCY (§ 200*)—SUPPLEMENTARY PROCEEDINGS—TITLE OF RECEIVER.

   The title of a receiver in supplementary proceedings to the personalty of the judgment debtor relates back to the time of service of the order requiring the debtor to attend and be examined, under the express provisions of Code Civ. Proc. § 2469; and the title of a trustee in bankruptcy, appointed within four months after appointment of the receiver, is subject to the receiver's title, where the proceeding was commenced more than four months prior to the trustee's appointment.

   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 316; Dec. Dig. § 200.*]

2. BANKRUPTCY (§ 268*)—SALE OF PROPERTY OF BANKRUPT BY TRUSTEE—TITLE OF PURCHASER.

   Where a trustee in bankruptcy sells the interest of the bankrupt in a note in possession of the receiver of the bankrupt in supplementary proceedings, the buyer stands in the bankrupt's shoes, and has a right to possession only upon paying the judgment and expenses of the supplementary proceedings had thereon.

   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 372–379; Dec. Dig. § 268.*]

Action by Richard Arnold against the Greene Gold-Silver Company. On motion to compel a receiver in supplementary proceedings to deliver a certain note. Motion denied.

John B. Stanchfield, for Humboldt Exploration Co.

Wetherhorn & Link, for receiver.

PAGE, J. This is a motion made in a supplementary proceeding to compel the receiver appointed therein to deliver to the Humboldt Exploration Company a certain promissory note, made by Adolph Segal to the order of the Greene Gold-Silver Company, for the sum of $171,532.83. The facts, so far as material to this application, are as follows:

On the 9th day of July, 1908, a judgment was filed and docketed in the office of the clerk of the county of New York against the Greene Gold-Silver Company, and proceedings supplementary to execution thereon were commenced on the 10th day of September, 1908, by the service of the order for examination. These proceedings resulted in the appointment of a receiver on the 23d day of October, 1908; and said receiver thereupon took possession of and still holds the afore-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

said note.   A petition in bankruptcy against the Greene Gold-Silver Company was filed in the United States District Court for the District of West Virginia on the 23d day of November, 1908; and such proceedings were had that a trustee in bankruptcy was appointed therein on the 7th day of December, 1908, the Greene Gold-Silver Company having been adjudicated a bankrupt.   Two fruitless efforts were made by the trustee, one in the United States District Court of the Southern District of New York and the other in this court, to compel the receiver to deliver the said note to the trustee.   Thereafter, pursuant to the order of the United States District Court of West Virginia, the trustee sold various assets of the bankrupt, which sale was confirmed by said court.   By the bill of sale given, on the 9th day of October, 1909, by the trustee to Charles W. Mackey on said sale, it appears, among other things, that there was sold to said Mackey "all right, title, and interest of bankrupt in a certain promissory note of Adolph Segal for $171,532.83, now in the hands of Frank Fritsch, receiver in the suit of Arnold against the Greene Gold-Silver Company."   Thereafter, by bill of sale, Mackey transferred "all right, title, and interest as above set forth in said note" to the Humboldt Exploration Company.

The lien of the judgment creditor in the supplementary proceedings attached to the personal property of the judgment debtor at the time of the service of the order by which such proceedings were instituted.   When the receiver in such proceedings was appointed, his title related back to the time of the service of said order.   Code Civ. Proc. § 2469; McCorkle v. Herrman, 117 N. Y. 297, 22 N. E. 948; Armstrong v. McLean, 153 N. Y. 490, 47 N. E. 912; Ward v. Petrie, 157 N. Y. 301, 51 N. E. 1002, 68 Am. St. Rep. 790.   Therefore all the right, title, and interest of the Greene Gold-Silver Company in and to said note became vested in the receiver as of the 10th day of September, 1908.

The trustee in bankruptcy had the power, had the court so ordered, to have sold the note in question, free from all liens (Matter of Waterloo Organ Co. [D. C.] 118 Fed. 904), treating the lien and possession of the receiver as having been discharged and avoided, under section 67, subd. "f," of the bankruptcy law (Act July 1, 1898, c. 541, 30 Stat. 565 [U. S. Comp. St. 1901, p. 3450]), by the filing of the petition in bankruptcy within four months of the attaching of the lien, by virtue of the supplementary proceedings.   It is probable that, in order to have done this, he would have been compelled to first reduce the property to his possession, for which he had ample power under the bankruptcy act.   Had he done this, it would have been necessary to consider the cases cited and questions discussed by counsel as to the effect of the filing of the petition upon the rights of the receiver.

But the trustee, instead of reducing the note to possession and selling it free from liens, or selling his right, title, and interest therein, sold only the right, title, and interest of the bankrupt in and to the note.   The receiver was not open to attack by the bankrupt.   The lien of the judgment creditor was not void or voidable as to him, but only as to the trustee representing his creditors.   Therefore the moving

party here stands, not in the shoes of the trustee, but in those of the bankrupt, and by its purchase has the right to possession of the note by paying the judgment and expenses of the supplementary proceedings, or it would be entitled to any surplus over and above the amount of the judgment and expenses which the receiver may realize from the collection or sale of the note.

Motion denied.