SOMERS BRICK COMPANY

*v.*

FRANK A. SOUDER et al.

[Decided September 13th, 1905.]

1. Under the act of 1892 to secure the payment of mechanics and materialmen furnishing labor or materials on any public improvement, a claimant must file his claim before the whole work is completed, or within fifteen days after it is completed or accepted, whichever of the latter dates may come first.

2. There is no prohibition against anticipated payments, no inchoate lien on the fund, and no provision making the owner who prepays liable to a subsequent lien claimant, and the lien attaches only to that portion of the contract price which remains unpaid when the lien claim is filed.

Seven consolidated causes. On bills, answers and proofs.

In 1902 the defendant, Frank A. Souder, made a written contract with Atlantic City to build and complete for that municipality a fire-house on Tennessee avenue, to be known as the United States Fire-House. The total contract price for all the work and materials was $25,587.

The building was to be erected under the direction and supervision of Mr. Vaughan, as architect.

The contractor, Souder, agreed to have the building completely finished within a period of six months from the date when possession of the building site was given to him, which date should be determined by the architect's certificate, and that $20 liquidated damages for each day's delay in finishing the building should be deducted from the contract price.

Atlantic City, by the contract, agreed to pay $25,587, upon the certificate of the architect that the same is due under the contract, as follows: When all the second floor joists were laid, $7,000; when the entire roof was completely finished, $8,000; the balance upon the completion of all the work under the contract and the acceptance of the building.

It was expressly agreed that the final installment of the contract price should not be paid until the architect should certify that the contract had been fully complied with and the work completely finished in every respect, and further, that the final installment should not be payable until all the mechanics and materialmen who did work and furnished material for the building should in writing acknowledge that they had therefor been fully paid.

The contract was filed on August 20th, 1902, with A. M. Heston, comptroller of Atlantic City.

The contractor proceeded with the construction of the building, and the city made the following payments on account of the contract price:

| | |
|---|---:|
| On May 15th, 1902......................... | $3,000 00 |
| On August 20th, 1902...................... | 7,000 00 |
| On November 13th, 1902................... | 8,000 00 |
| On November 30th, 1903.................. | 129 60 |
| | $18,129 60 |

The first payment of $3,000 appears to have been made under a resolution of the city council, and without any certificate of the architect. The second, of $7,000, and the third, of $8,000, were made under the certificate of the architect. The fourth, of $129.60, was made to one Turner to pay him for finishing part of the contract work left undone by Contractor Souder.

The contractor did not complete the work required by the contract to be done. He did not pay debts incurred for considerable quantities of material furnished to him and used in the construction of the building.

In consequence of his failure to pay these bills, claims were filed by various materialmen under the provisions of the act of March 30th, 1892 (*P. L. 1892 p. 369*), to secure the payment of claims for materials furnished or work done on public improvements in a municipality of this state.

Eight suits have been brought by the claimants in this court to enforce the claims against that portion of the contract price for which it is contended Atlantic City is liable under the provisions of the statute of 1892 above cited.

By an order made on the 3d day of May, 1904, all these causes have been consolidated under the provisions of section 10 of the act of 1892, on the application of Atlantic City.

The names of the complainants in the several suits which have been consolidated, the time when their several claims were filed and their several suits brought, and the amounts of their claims, are as follows:

| Names of Claimants. | Time when claim filed. | When suit brought. | Amount. |
|---|---|---|---|
| Michael J. Horan....... | May 15, 1903. | Aug. 11, 1903. | $1,074 35 |
| Somers Brick Company.. | " 20, " | " 24, " | 636 25 |
| Lucy E. Freeman....... | June 27, " | Sept. 8, " | 1,075 00 |
| Atlantic City Lumber Company ............ | July 2, " | " 8, " | 4,635 35 |
| Italian Marble Mosaic Company ............ | " 11, " | No suit brought. | 573 00 |
| James Conover ......... | Aug. 20, " | Aug. 24, 1903. | 395 00 |
| John M. Frere......... | Sept. 8, " | Oct. 3, " | 302 52 |
| Excelsior Terra Cotta Company ............ | " 26, " | Nov. 30, " | 3,314 32 |

The several complainants in the consolidated causes insist on their right, under section 5 of the act of 1892, to have such portion of the contract price as at the time of filing their several claims may have been due, or about to grow due to the contractor from Atlantic City under the contract appropriated to the payment of their several claims in the order that they were filed.

Answers have been filed by Atlantic City and by the several claimants on the fund, and the consolidated causes have come to a hearing.

*Mr. Harry R. Coulomb,* for Excelsior Terra Cotta Company.

*Mr. Albert H. Darnell,* for John M. Frere.

*Mr. Burrows C. Godfrey,* for Michael J. Horan and Lucy E. Freeman.

*Mr. Clarence L. Cole,* for Somers Brick Company, James Conover and Atlantic City Lumber Company.

*Mr. Harry Wootton,* for Atlantic City.

GREY, V. C.

There is an indisputable principle at the base of all these suits, which must control them.

The several complainants have not recovered judgments at law against their alleged debtor, Frank A. Souder, nor have they any grounds for relief against him or against the city of Atlantic City, on any equitable principle. Yet they all seek to obtain decrees in this court which will take from Atlantic City the contract price which it has agreed to pay to Souder, and give it to them to satisfy the debts which they say Souder owes to them.

It is obvious that such procedures must be based upon some right or equity created by statute. The complainants all insist that their right to the contract price arises by operation of the above-cited statute of 1892 (*P. L. 1892 p. 369*) and their conformity to the requirements of its provisions.

As the right of the claimants is wholly dependent upon the force of that statute, the omission of any claimant to comply with its requirements must operate to defeat his claim.

The statute, in section 2, provides that any claimant, at any time before and within fifteen days after the whole work to be performed by the contractor is completed or accepted by the city, may file notice of his claim with the chairman, or the head man in charge of the work, or with the financial officer of the city, &c. The financial officer shall enter in a book the name, &c., of the claimant, and the date of filing, &c.

Section 4 of the act of 1892 (*P. L. 1892 p. 370*) declares that no lien provided for in the act shall be binding, &c., unless an action be commenced within ninety days from filing the same, and notice of pendency thereof be served on the financial officer of the municipality.

The statute creates a right of action which theretofore had no existence. It prescribes certain conditions and limitations, and declares that if they be not observed, the right, given only by the statute, shall not arise, or shall be defeated.

In such cases the observance of the prescribed statutory conditions is necessary to the acquirement or maintenance of the

right. It is for the legislature only, and not for the courts, to change the requirements of those statutory conditions. The courts do not make, they only administer the law.

There are eight complainants named in the consolidating order. The Italian Marble Mosaic Company is named as a complainant probably in mistake. No suit by such a complainant appears. No proofs have been submitted for that company.

Of the other seven complainants named in the consolidating order, the Somers Brick Company's suit was commenced ninety-six days after its claim was filed, and no notice of its pendency appears to have been given. The Excelsior Terra Cotta Company and James Conover do not appear to have given any notice of pendency of their suits.

The statute disposes of these claims by declaring, in section 4, that no lien shall be binding unless suit be commenced within ninety days of filing the same, and a notice of pendency be filed with the financial officer of the municipality.

Only four complainants brought their suits within ninety days after filing their claims and gave to the financial officer of Atlantic City the notice of pendency of such suits, as required by section 4 of the statute of 1892. These four are: Michael J. Horan, Lucy E. Freeman, Atlantic City Lumber Company, John M. Frere.

The claims of Horan, of Freeman and of Atlantic City Lumber Company were not challenged on the argument of the consolidated causes.

That of John M. Frere is opposed by Atlantic City on the ground that section 2 of the statute requires the notice of claim to be filed before the whole work is completed, or within fifteen days after it is so completed or accepted. It is admitted that, by resolution of the property committee of Atlantic City's council, the work was accepted on August 1st, 1903, and that actual possession on behalf of the city was then taken of the premises; that Frere's lien claim notice was not filed until September 8th, 1903, which was more than fifteen days after the city had accepted the work.

The complainant Frere insists that the statute (section 2)

must be construed to give to him the choice of three periods within which to file his lien claim notice—either before the work was completed, or within fifteen days after it was accepted, or within fifteen days after it shall at any time be completed, whether accepted or not.

In my view, but two periods are offered by the statute during which the lien claim notices may be filed. *First,* before the whole work is completed; *second,* within fifteen days after it is either completed or is accepted, whichever date may come first. The arrival of the one is intended to exclude the other. It is not to be supposed that after the city has finally accepted the work, a period for the filing of liens against the contract price may continue to run until fifteen days after the work shall, at a date no matter how remote, finally be completed, or that after all the work has been completed, a lien period may continue until the city shall have formally accepted it.

Mr. Frere's lien claim notice, having been filed more than fifteen days after the city had accepted the work, does not comply with the requirements of the statute.

This is also an additional and successful objection made by Atlantic City to the lien claim notices filed by James Conover on August 20th, 1903, and by Excelsior Terra Cotta Company on September 26th, 1903.

On the argument of these consolidated causes some reference was made to an order given on January 23d, 1903, to the Excelsior Terra Cotta Company by Souder, upon the contract price, directing Atlantic City to pay the Terra Cotta Company $3,359.32.

The counsel for that company contended that under the pleadings his client should have the benefit of this order as an equitable assignment, &c. An inspection of the terra cotta company's bill of complaint will show that there is in it no presentation of any right under the above-named order. The bill of complaint is limited strictly to the assertion of the lien claim filed on September 26th, 1903. There is no pleading to which any proofs touching the order of January 23d, 1903, can relate, and no prayer for relief thereon.

The claimants insist that the portion of the contract price for which Atlantic City must respond in these suits must include the first payment of $3,000, made May 15th, 1902, without any certificate of the architect and before the second floor joists were laid, as provided in the contract. This payment was made under the authority of a resolution of Atlantic City council passed on May 12th, 1902. It is contended that by the statute (section 5) the lien extends to any funds which may be due or to grow due to the contractor *under the contract* when the lien claim is filed; that the city had no power to make payments in advance of the period named in the contract, &c.

This argument assumes that the furnishers of work or material have, under the statute, some lien or charge on the contract price before the filing of the lien claim, or possess antecedently to the time of filing the lien claims some right to require the city to pay only according to the terms of the contract.

The claimant, under the act of 1892, secures his lien for the first time when he files his notice of claim. This is the effect of the statute. Vice-Chancellor Reed so held in *Harris* v. *Garretson, 57 Atl. Rep. 414.* Preceding the filing of the notice of lien claim, the contractor might transfer his interest in the contract price. So also the contractor and the city, before any claims are filed, being the sole parties to the contract, may postpone or anticipate payments thereunder.

This was the case under notices by virtue of the third section of the Mechanics' Lien act (*Craig* v. *Smith, 37 N. J. Law (8 Vr.) 549*) before the supplement of March, 1895, changed its operation and gave an inchoate lien to the workmen and materialmen before notice served. *Slingerland* v. *Binns, 56 N. J. Eq. (11 Dick.) 413.* In the act of 1892, now under consideration, there is no prohibition against anticipated payments, no inchoate lien on the fund, and no provision making the owner who prepays liable to a subsequent lien claimant.

The words fixing the lien upon any funds which may "be due or to grow due under the contract" clearly refer to the portion of the contract price which remains unpaid when the lien claim is filed. The city passed its resolution allowing the contractor

this $3,000 on his contract on May 12th, 1902, and notified the comptroller on May 13th, 1902, and the $3,000 was actually paid on May 15th, 1902. This was a year before any lien claim notice was filed. The city cannot be held to respond to the lien claimants for the advance payment of $3,000 made May 15th, 1902.

The result is that the only lien claims which are shown to have complied with the requirements of the statute of 1892 are those of Michael J. Horan, which became a lien on May 15th, 1903; Lucy E. Freeman, which became a lien on June 27th, 1903, and Atlantic City Lumber Company, which became a lien on July 2d, 1903.

These lien claims became a charge at the above dates on the portion of the contract price due or to grow due from the city at or after the filing of the lien claim notices, less, of course, the amount necessarily expended by the city in completing the contract.

The account of Atlantic City's liability stands as follows:

| | | |
|---|---:|---:|
| Whole contract price ..................... | | $25,587 00 |
| Paid out before May 15th, 1903, | | |
| the date of filing of first lien, | $18,000 00 | |
| Expended for completing contract, | 129 60 | |
| | | 18,129 60 |
| Amount of contract price liable to liens...... | | $7,457 40 |

On this sum the above liens are successive charges in the order of their filing: First, Michael J. Horan, for $1,074.35; second, Lucy E. Freeman, for $1,075; third, Atlantic City Lumber Company, for $4,635.54.

A decree will be advised in accordance with the views above expressed.