MACK MANUFACTURING COMPANY

*v.*

CITIZENS CONSTRUCTION COMPANY et al.

[Submitted November 18th, 1915.  Determined December 8th, 1915.]

1. Under *3 Comp. Stat. 1910 p. 3315 § 36*, giving persons who furnish materials to contractors for improvements on municipal property a lien on funds due the contractor from the city, and page 3319, section 40, providing that the lien shall attach from the time of filing notice thereof, one who furnished material to a corporation contractor for municipal improvements, but failed to file his notice until after a decree of in-

solvency against the corporation and the appointment of a receiver for it, acquired no lien, since upon the appointment of a receiver the corporation assets vested in him, and no liens could thereafter be established, the provisions of section 40 not contemplating an inchoate lien before filing.

2. That a receiver for an insolvent corporation conducted work on a municipal improvement and used material furnished prior to the insolvency proceeding does not establish a claim of a materialman for a lien for such materials as against the insolvent corporation, when notice of the lien was filed after appointment of the receiver, since his acts were within his powers, and any liability he may have incurred cannot be adjudicated in a suit to enforce a lien.

3. Where a materialman sued to enforce a lien against funds of a municipality due an insolvent contractor, he could not attack in that action a claim of a bank to which the funds had been assigned, but it was the duty of the receiver to pass on the bank's claim, his determination thereon being subject to review, it being first determined that the complainant had no lien.

---

On final hearing. On bill to enforce lien of materialman against funds in hands of a municipality.

*Mr. J. Merritt Lane,* for the complainant.

*Mr. Peter Backes,* for the receiver of the defendant company.

*Mr. George W. Macpherson* and *Mr. Nelson B. Gaskill,* for the Broad Street National Bank.

*Mr. Edward L. Katzenbach,* for Joseph B. Richardson & Sons.

LEAMING, V. C.

Two suits of the same title have been heard and considered together. They are in all material respects identical except that they relate to two separate municipal contracts. The bills are filed by complainant pursuant to the provisions of the act commonly referred to as our Municipal Liens act. *3 Comp. Stat. p. 3315.* Complainant seeks to establish and enforce a claim of lien against money due from defendant municipality under certain contracts made by the municipality for public improvements, complainant's claim being for the value of materials supplied to the contractor, a corporation of this state.

Complainant's notices of claim of lien were served pursuant to the act after a decree of insolvency had been made by this court against the corporation contractor pursuant to the provisions of our Corporation act and the usual decree of injunction had been issued and a receiver in insolvency had been appointed and had qualified. There are no other parties claiming liens under the act, except by reason of lien claims filed after the receiver's appointment and qualification.

I entertain the view that in these circumstances complainant has acquired no lien under the act and its bill must be accordingly dismissed.

The insolvency provisions of our Corporation act render it clear that upon the appointment of a receiver in insolvency the title of the insolvent corporation to its assets are divested and forthwith vested in the receiver subject only to liens then existing, to the end that an equal distribution of the net assets may be made among general creditors. The assets are thus placed *in custodia legis* for the purpose stated.

It will not be contended that a judgment entered against the corporation by a general creditor after the appointment and qualification of a statutory receiver in insolvency is operative to confer a lien prior to other general creditors. The creation of any liens against the assets after the appointment and qualification of a receiver are utterly destructive of the obvious purposes of the act, unless, perchance, such liens may be properly based upon rights antecedent the receivership.

The statute under which complainant claims a lien expressly provides that the lien shall attach from the time it is filed, and our courts have repeatedly held that this provision, unlike the provisions of the Mechanics' Lien act which relates the lien to a prior date, is destructive of the idea of an inchoate lien prior to that time. This has been held in the following cases in this court and in our court of errors and appeals: *Garretson* v. *Clark* and *Harris* v. *Garretson, 57 Atl. Rep. 414; Somers Brick Co.* v. *Souder, 70 N. J. Eq. 388, 394; Same Case on appeal, 71 N. J. Eq. 759, 762; Cope* v. *Walton Company, 77 N. J. Eq. 512, 517; Board of Education* v. *Tait, 80 N. J. Eq. 94, 96;*

334    CASES IN CHANCERY, 1915.

Mack Mfg. Co. *v.* Citizens Const. Co.    *85 N. J. Eq.*

*Agnew Company* v. *Paterson Board of Education, 83 N. J. Eq. 49, 66; Same Case on appeal, Ibid. 336, 339.*

The views stated by Vice-Chancellor Stevenson in *Agnew Company* v. *Paterson Board of Education, supra,* touching the effect of a federal bankruptcy receivership are, in my judgment, equally applicable to a receivership under our Corporation act.

An amendment to the bill asserts that the receiver, after his appointment, finished the work under the contracts of the insolvent contractor corporation and used material which had been theretofore supplied by complainant to the contractor. It is clear that this cannot have any effect upon the claim of lien filed by complainant for materials supplied to the contractor. The assets of the insolvent corporation, including its rights under the municipal contracts, passed to the receiver; it was his privilege to finish the work and enhance the assets. Any controversy between complainant and the receiver touching the ownership of materials used by the receiver can find no place in this suit.

Complainant has also attacked the rights of the Broad Street National Bank which are asserted by that bank under an assignment from the contractor of moneys due or to grow due under these contracts. As complainant's bill is wholly based on a claim of lien the rights of that bank cannot be properly adjudicated in this suit. Under the statute it is the duty of the receiver to pass upon the claim of the bank and his determination is subject to review.

I will advise an order dismissing the bill.