HOWARD L. OCUMPAUGH, complainant-appellant,

*v.*

LINDE & GRIFFITH COMPANY, a corporation; COUNTY OF ESSEX, a municipal corporation of the State of New Jersey; COUNTY OF HUDSON, a municipal corporation of the State of New Jersey; AJAX ELECTRIC COMPANY, a corporation, and ARTHUR E. WELLS, trustee in bankruptcy of Ajax Electric Company, bankrupt, defendants-respondents.

[Submitted June term, 1923. Decided November 19th, 1923.]

1. The Municipal Mechanics' Lien law is the outgrowth of a well-defined state policy, one of the principal objects of which is to secure to the merchant or trader who furnishes materials, and to the mechanic or workman who performs labor under contracts made with municipalities for public improvements, payment for the materials furnished and for the work performed.

2. Where subcontractor of a subcontractor filed a claim under the Municipal Mechanics' Lien act within the time specified in the statute, and also gave notice of his lien claim, within the time specified by the statute, to the municipalities and the general contractor, the bankruptcy of the first subcontractor will not invalidate such lien, when the bankrupt had taken no steps to secure its lien on the funds in the hands of the municipalities.

3. Bankruptcy confers no greater rights on the trustee in bankruptcy than the bankrupt himself possessed.

On appeal from a decree advised by Vice-Chancellor Lewis dismissing complainant's bill of complaint, reported in *94 N. J. Eq. 602*.

*Mr. Clarence Kelsey,* for the appellant.

*Mr. J. Fisher Anderson,* for the respondent Arthur E. Wells, trustee in bankruptcy.

The opinion of the court was delivered by

KALISCH, J.

The complainant, the appellant here, filed his bill, in the court below, against the defendants-respondents, to enforce a lien claim for the sum of $4,708.57, alleged to have accrued to him under the Municipal Mechanics' Lien act (*P. L. 1918 p. 1041*) for work and labor done and materials furnished by him for and to the Ajax Electric Company, subsequently adjudicated a bankrupt.

By the bill it was made to appear that the counties of Essex and Hudson entered into a contract with Linde & Griffith Company, by which the latter was to construct a safety roadway and sidewalk gates on the Lincoln highway, the work to be completed by October 10th, 1921.

The Linde & Griffith Company subcontracted the electrical work and equipment required for the operation of the gates to the Ajax Electric Company. The latter, in turn, subcontracted the same work to the complainant; which work he completed, as required, by October 10th, 1921. The

entire contract was completed at that time and was accepted by the municipalities on or about October 27th, 1921. The Ajax Electrical Company failed to pay to complainant what was due to him for the materials furnished and the work done by him. On December 6th, 1921, the company was adjudicated a bankrupt. There was a certain amount of the contract price withheld by the counties from the Linde & Griffith Company, in accordance with the terms of their contract. On December 17th, 1921, complainant gave notice of his lien claim, within the time prescribed by the statute, to the municipalities and general contractor, and filed such notice of lien claim, in accordance with the requirements of the Municipal Lien act of 1918, *supra.*

On behalf of the trustee in bankruptcy a motion was made to dismiss the bill of complaint on the ground that the adjudication in bankruptcy having taken place on December 6th, 1921, invalidated the filing of the complainant's lien on December 17th, 1921, and that the funds due from Linde & Griffith Company, the main contractor, to the Ajax Electric Company, the first subcontractor, the bankrupt, are assets of the bankrupt estate and that the complainant must come in under the bankruptcy proceedings and share with the general creditors of the bankrupt. The learned vice-chancellor practically adopted that view and dismissed complainant's bill. We think the complainant was entitled to the relief sought and that the bill was, therefore, erroneously dismissed.

In the present case the complainant filed his bill of complaint to enforce his lien claim on the funds of the municipality within sixty days from the filing thereof and by virtue of section 4 of the statute under which the proceedings were had, the complainant's claim became a binding and subsisting lien upon such funds.

The Municipal Mechanics' Lien law of 1918 is the outgrowth of a settled and well-defined state policy, one of the principal objects of which is to secure to the merchant or trader who furnishes materials and to the mechanic or workman who performs labor, under contracts let out to contractors

by municipalities for any public improvement, payment for the materials furnished and for the work performed.

The obligation resting upon the municipality is to pay the principal contractor, unless lien notices of subcontractors and materialmen or workmen are served upon the municipality, and when such notices are served the municipality may pay to the principal contractor all sums in excess of what is required to meet the claims of lienors.

It is quite obvious that the counties of Essex and Hudson were not indebted in any sum to the Ajax Electric Company, and that the latter had not the slightest claim upon the funds of these municipalities, which by their contract was payable to the Linde & Griffith Company, the principal contractor. The only manner in which the Ajax company could have a legal interest in and a lien upon the funds in question would have been by taking proceedings under the statute. This the company did not see fit to do, and, therefore, its only enforceable claim was against Linde & Griffith Company, with obligation to pay out of its funds to the Ajax company with whom it had a subcontract and upon whom was cast the legal debt owing to the latter, but not out of any particular fund remaining in the hands of the municipalities.

The Ajax company before it was adjudged a bankrupt took no steps, which it could have done, to secure a lien upon the funds in the hands of the municipalities; nor did the trustee in bankruptcy, who, after his appointment was clothed with all the rights of the bankrupt and of its general creditors, take any steps in that direction.

The bankruptcy of the Ajax company, therefore, wrought no change in the situation of the complainant and conferred no greater right on the trustee than the bankrupt himself possessed, and since neither the bankrupt nor the trustee at any time acquired a lien upon the fund in the hands of the municipalities, which could only be properly secured under the statute, by a compliance with its provisions, and since this was not done and as there was no debt due from the municipalities to the bankrupt company, its bankruptcy became, in the course of affairs, only an immaterial incident.

It is clear that the funds in the hands of the municipalities could not in any aspect have become a part of the assets of the bankrupt company until it or its trustee had impressed upon such fund a statutory lien in the bankrupt's favor, and, even then such statutory lien would be subservient to the statutory liens, upon the fund, of the parties who furnished the materials and did the work for the bankrupt subcontracting company.

The complainant is clearly entitled to be paid out of the fund withheld by the municipalities his claim, if valid, for the materials which he furnished to and for the work done by him for the Ajax company.

The decree below is reversed, with the direction that the municipalities be decreed to pay to the complainant out of the fund in their possession arising out of their contract with the Linde & Griffith Company such sum as shall be found due him from the Ajax company on his statutory lien.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, KALISCH, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, ACKERSON, VAN BUSKIRK—10.