The first question that should be decided is as to whether the contract is one with the state highway commission. The contract itself is on the last few pages of a very elaborate set of specifications prepared by the state highway department, but the contract is between the mayor and common council of the borough of Somerville and the contractor, and the bond filed in the case is between the mayor and common council of the borough of Somerville and the contractor. The *Page 242 
contract is approved, however, by the chairman of the state highway commission.
If the contract could be construed to be between the state or any of its commissions, no liens could attach, but in this case the contract seems to be directly between Somerville and the contractor. The borough alone signed it and the contractor could only recover from the borough. If the state has reimbursed the borough, this must be some collateral agreement which does not appear in the case and which, it seems to me, cannot affect the main contract.
Under P.L. 1921 ch. 246, the state can take over the entire highway and pay the full amount thereof. This would place the borough of Somerville in the position of acting as agent for the state highway commission. This has not been done.
It is also contended that the state, having paid thirty per cent. of the expense of this highway, the rights of the four claimants, who filed liens prior to the insolvency, should only receive seventy per cent. of the fund because thirty per cent. is state money.
I cannot agree with this contention because, I think, as the case is now before me, it is a direct contract between the borough of Somerville and the contractor.
As will be noticed in the state of facts, there were claims filed before the appointment of the receiver and others after the appointment of the receiver.
Section 10 of the Municipal Lien act provides that the court of chancery shall determine the validity of the liens filed and "shall make a decree directing the municipality, out of the moneys due from it to the contractor, to pay over to the several claimants the sums found to be due to them respectively, with interest and costs upon claims adjudged to be valid * * * but if the amount due from the municipality to the contractor is not sufficient to make such payments in full, then distribution shall be made ratably without regard to priority in filing claim."
The claims filed after the receiver was appointed are, in my opinion, void. Mack Manufacturing Co. v. Citizens ConstructionCo., 85 N.J. Eq. 333. *Page 243 
I, therefore, find that the filing of the claimants' notices after the appointment of the receiver was inoperative for all purposes, and the receiver cannot expect that the invalid claims could be revived or pro-rated.
The Somerville Trust Company claims priority over lien claims by virtue of an assignment. The act of 1915, chapter 86, which is incorporated in toto in the act of 1918 (P.L. p. 1041), says, in effect, that the lien of any laborer or contractor shall have priority over any assignment. I believe that it was the intention of the legislature, in the act of 1918, to continue the provisions of the earlier act. I, therefore, find that the liens filed before the appointment of the receiver take priority over the other claims and the assignment.
It has been suggested that the lien claims of the laborers and materialmen are invalid because they were signed within four months of insolvency. The act under which this claim is made isP.L. 1919 ch. 208. I shall quote section 2:
"All levies, judgments, attachment or other liens obtained through legal proceedings against a corporation, if at any time such levy, judgment, attachment or other lien was obtained the said corporation be insolvent, at any time within four months prior to the filing of a bill or petition against it for the appointment of a receiver, * * * shall be deemed null and void * * *."
Mechanics' liens are not obtained by legal procedure but, of course, they must be enforceable by court action. I do not think that these liens are affected by the statute referred to.
The only question yet remaining is as to the interest which should be paid by the borough of Somerville on the money still in its hands. Having decided that this was not a contract with the state highway department, I am of the opinion that interest should be charged on this amount from the time that the work was accepted by the borough, which was on January 25th, 1923. The interest should be at the rate of six per cent.
I will hear counsel on the fixing of the terms of the decree as to counsel fee. *Page 244