This bill is filed under the Municipal Lien act by two creditors who have furnished labor and materials used in the performance of a contract for a public improvement. The defendant Keansburg Lumber and Supply Company obtained a judgment against the contractor and the defendant Barron, a constable, by virtue of an execution issued on said judgment, levied on moneys in the hands of the defendant board of education and due the contractor. Subsequent to said levy the complainants served notice of their lien claim and then proceeded to file this bill. The sole question to be determined here is whether or not the judgment creditor is entitled to priority of lien over the complainants by virtue of the levy under the execution. In my judgment, my decision should be controlled by the case of Strathmere LumberCo. v. Sea Isle City, 4 N.J. Mis. R. 687. That case was decided by Vice-Chancellor Ingersoll on the authority *Page 512 
of Mack Manufacturing Co. v. Citizens' Construction Co.,85 N.J. Eq. 331, and cases therein cited. It involved the identical question raised in this cause and the decision on this point is binding on this court. But it is now urged on behalf of the complainants that Mack Manufacturing Co. v. Citizens'Construction Co. has no application to the present issue because that decision was made in view of the provisions of the Municipal Lien act as it then existed, and that the law as it then stood has been materially changed by revision of the Municipal Lien act in 1918. 1 Cum. Supp. Comp. Stat. p. 1859. It is argued that as section 6 of that act provides that lien claimants "shall have priority over any assignment by a contractor or subcontractor to any third person * * * notwithstanding such assignment may have been made prior to the filing of notice by any such laborers,"c., a judgment creditor levying on the fund under his execution is not entitled to priority, because the levy is, in effect, an assignment by operation of law, and that such assignment by the terms of the act itself is postponed to the claim of the laborer or materialman.
An examination of the Mack Manufacturing Co. Case, and cases therein cited, however, convinces me that this contention is unsound. The controlling reason for that decision was that there was no inchoate right of lien under the Municipal Lien act, and that act expressly provided that the lien of the laborer or materialman should attach only from the time of its filing. In these respects the Municipal Lien act has not been changed. Under the Mechanics' Lien act the lien of a judgment entered on a mechanics' lien claim relates back and takes effect as of the date of the commencement of the building, and, consequently, becomes prior in lien to a levy under a judgment subsequently entered. By the express provision of the Municipal Lien act the claim of the laborer or materialman takes effect as of the date of the filing of the claim. There is no relation back and therefore no inchoate right of lien.
As to the effect of the levy under execution as an assignment within the meaning of section 6 of the Municipal Lien act, I am of the opinion that if it had been the intention of *Page 513 
the legislature to include assignments by operation of law within this provision, appropriate and unmistakable language to accomplish that end would have been used. At the time of this revision the law had been settled to the effect that levy on personal property is seizure of the judgment debtor's right at the time of delivery of the execution to the sheriff. Schneider
v. Schmidt, 82 N.J. Eq. 81; Agnew v. Paterson Board ofEducation, 83 N.J. Eq. 49; affirmed, Ibid. 336.
The levy under the execution here places the fund in custodialegis, and the subsequent filing of a lien claim gives the lien claimants no priority as to the fund seized. I will therefore advise an order striking out the bill of complaint as to these defendants.