This is a suit to enforce a municipal mechanics' lien claim. The complainant furnished materials to A.C. Galm, Incorporated, a subcontractor which was declared insolvent by this court and for which a receiver was appointed on April 16th, 1929. The notice of lien was filed by the complainant pursuant to the statute three days later. The receiver of the subcontractor is a party defendant to this proceeding and invokes the familiar rule ofMack Manufacturing Co. v. Citizens Construction Co., 85 N.J. Eq. 331; affirmed, 86 N.J. Eq. 254, to the effect that no lien attaches to the funds in the custody of the municipality if the notice of lien is filed after the contractor is declared insolvent and a receiver appointed, and the question as to the application of that rule to the present controversy was the only point reserved at the final hearing. This question is disposed of adversely to the claim of the defendant receiver by the decision of the court of errors and appeals in Ocumpaugh v. Linde Griffith Co., 95 N.J. Eq. 228, where this exact point was involved. The reasoning of Mr. Justice Kalisch, who wrote the opinion for the court of errors and appeals in that case, indicates that the lien is given to claimants who furnish labor or material under a municipal contract pursuant to "a well-defined state policy, one of the principal objects of which is to secure" to the materialman payment for materials furnished, and that the lien is against the funds in the hands of the municipality due or to grow due to the general contractor without regard to any claims which a subcontractor might have against the general contractor; in other words, the lien runs to the materialman through and by virtue of the contract between the municipality and the general contractor, and this is not interrupted by the insolvency of a subcontractor to whom the municipality owes no duty under its contract. Funds in the hands of the municipality against which the insolvent subcontractor might have a right of lien are not assets of the insolvent estate for the very good reason that until such right of lien is perfected the subcontractor has no claim or right of action *Page 464 
against the municipality. Until the lien is perfected by the statutory proceeding the subcontractor's claim is against the general contractor only; consequently it cannot be said that any portion of the fund in the hands of the municipality is incustodia legis upon the appointment of a receiver for the subcontractor. That fund is not affected by such appointment, but remains subject to statutory liens if and when asserted in conformity with statutory requirements. In the Ocumpaugh Case
Mr. Justice Kalisch said, at page 232 of the report of the case:
"It is clear that the funds in the hands of the municipalities could not in any aspect have become a part of the assets of the bankrupt company until it or its trustees had impressed upon such fund a statutory lien in the bankrupt's favor, and even then such statutory lien would be subservient to the statutory liens, upon the fund, of the party who furnished the materials and did the work for the bankrupt subcontracting company."
This language is very forceful and peculiarly applicable to the case at bar.
I will advise a decree for the complainant. *Page 465