The motion is to dismiss the bill to enforce a lien under the Municipal Mechanics' Lien act of 1918. Cum. Supp. Comp. Stat.p. 1859.
The bill shows that the defendant Magliaro owes the complainant $8,253.80 for work done on a public improvement for which Magliaro had the contract and upon which there remains due to him from the village of South Orange $4,485.41. The complainant's work was done between August 4th and December 13th, 1930. On July 13th, 1931, he filed the statutory notice of his claim and on October 20th, 1931, commenced this suit, all before the whole work to be performed by Magliaro was completed or accepted by the village, or within sixty days therefrom.
The motion to dismiss is made by Magliaro, the contractor, and the point is, that the complainant lost his lien because he did not sue to enforce it within sixty days from the time of filing of his notice of claim. That was the requirement of the fourth section of the act when the complainant did the work in 1930, but when he filed his notices of claim in July, 1931, the section stood amended requiring him to sue within sixty days from the completion of the contractor's work or its acceptance by the village. P.L. 1931 ch. 283. The limitations upon the time for the filing of the notice of claim and upon the suit to enforce the claim were thereby harmonized. The liability of the fund to the statutory lien was not enlarged. The remedy for the enforcement of the lien alone was altered. The complainant's rights under the statute were those existing at the time of doing his work, his remedies, those prevailing when he acquired his lien, and as his lien attached after the amendment, upon the filing of his notice of claim (Mack Manufacturing Co. v.Citizens Construction *Page 383 Co., 85 N.J. Eq. 331), its enforcement is governed by the law as it then stood.
While compliance with the fourth section is a condition of liability to the lien afforded by the act (Somers Brick Co. v.Souder, 70 N.J. Eq. 388), its provisions are as well a limitation upon the right of action and within the province of the legislature to modify, if vested rights be not disturbed.Moore v. State, 43 N.J. Law 203; Wood St. Lim. § 12; 12 C.J.978. No conceivable interest of the contractor-defendant is impaired by the change of time for the prosecution of the lien.
The motion is denied.