WALTER L. McCORKLE, as Receiver, etc., Appellant, *v.* MORRIS S. HERRMAN, Respondent.

| 117 | 297 |
| 124 | 330 |

| 117 | 297 |
| 136 | 620 |

| 117 | 297 |
| 139 | 348 |

| 117 | 297 |
| 143 | 150 |

| 117 | 297 |
| 144 | 522 |

Under the provisions of the Code of Civil Procedure, in reference to supplementary proceedings (§§ 2468, 2469), by the commencement of the proceedings a creditor acquires an equitable lien on a debt owing to his debtor, which, on the appointment of a receiver, becomes a legal title in him as of the date of the commencement of the supplementary proceedings.

Under the mechanic's lien law of 1885 (Laws of 1885, chap. 342), one who has furnished labor or materials in the erection of a building has, prior to the filing of his notice of lien, no preferential right to be paid for his labor or materials out of a sum due from the owner of the building to the contractors, but stands in the same position as other creditors; and if, before he has filed his lien, another creditor, pursuing the usual remedies for the collection of debts, has acquired a legal or equitable right to have the debt applied in satisfaction of his claim, this right is not

overreached by liens subsequently filed under said act, save where priority is given by the provisions of the act (§ 5).

Therefore, as between a receiver, appointed in supplementary proceedings against the contractor, and a lienor who filed his lien after the commencement of the proceedings, but, before the appointment of the receiver, the title of the latter ante-dates the lien and he has the prior right to the debt.

In an action brought by such a receiver to recover a sum alleged to be due the judgment-debtor from the defendant upon a building contract, which sum was due or earned at the time the proceedings were instituted, defendant set up in his answer, in substance, that the amount owing by defendant on the contract had been, by due proceedings under said mechanic's lien law, subjected to liens in favor of various persons named, which liens were prior to plaintiff's title, and were filed and in existence "at and prior to the commencement of this action," and exceed in amount the sum due on the contract. There was no other averment as to the time of filing the liens. Plaintiff's demurrer to this defense for insufficiency was overruled. *Held*, error; that, as defendant had taken no steps for interpleader under said Code (§ 820), the sufficiency of the answer must be determined by the test whether it alleges facts which, on their face, show that plaintiff has no right of action; that it could not be intended in support of the pleading that the filing of the notices of lien ante-dated the commencement of the supplementary proceedings, and, if subsequent, that plaintiff's title was superior to the liens.

(Submitted October 22, 1889; decided November 26, 1889.)

Appeal from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made March 29, 1889, which affirmed a judgment in favor of defendant, entered upon an order overruling a demurrer to a defense set up in the answer and dismissing the complaint.

The complaint alleges the appointment of plaintiff as receiver of the property of John J. Murphy in proceedings supplementary to execution, December 4, 1886, and that the order for the examination of Murphy, the judgment-debtor in said proceedings, was served November 27, 1886. It further alleges that on December 26, 1886, an agreement was entered into between Murphy and defendant, by which the former was to complete a building for the latter in the city of New York and furnish the work and materials for the same for the sum of $3,000, and to accept the sum of $2,500 for extra work and materials previously furnished thereon, which the-

defendant agreed to pay. It alleges performance by Murphy and that there is due and owing by the defendant on the contract the sum of $1,400, which balance the plaintiff, as receiver, has duly demanded of the defendant, but which the defendant has refused to pay and the plaintiff demands judgment therefor.

The defendant in his answer admits the appointment of plaintiff as receiver, and the filing of a bond by him as alleged in the complaint. In his sixth answer or defense, he alleges that the claim set forth in the complaint has, by due proceedings under the statutes of this state, been subjected to liens under the mechanics' lien law in favor of various persons named, creditors of Murphy, for labor and materials furnished for said building, which liens are subsisting, and that the amount owing by the defendant on the contract with Murphy is chargeable under said liens with the amount thereof, prior to the alleged claim of the plaintiff, and that such liens were filed and in existence "at and prior to the commencement of this action;" that the liens were for valid debts owing by Murphy to the several lienors; that the amount of said debts exceed the balance due from the defendant under the contract; that such balance is payable to the lienors and not to the plaintiff; that a suit has been commenced to foreclose said liens, and that the plaintiff and defendant in that action are necessary parties to this action. The answer concludes by demanding that the complaint be dismissed, or for such further judgment as may be just or the nature of the case may require.

The plaintiff demurred to the sixth defense for insufficiency. The demurrer was overruled at the Special Term and final judgment entered for the defendant dismissing the complaint.

*Howard R. Bayne* for appellant: The plaintiff may demur to a defense consisting of new matter, on the ground stated. (Code Civ. Pro. § 494.) A demurrer admits the facts that are relevant and well pleaded, but not conclusions of law. (*Blake* v. *Griswold*, 68 N. Y. 194.) The provision of the Code of Civil Procedure, requiring that the allegations of a

pleading shall be liberally construed, applies only to matters of form. (Code Civ. Pro. § 519; *Clark* v. *Dillon*, 97 N. Y. 370.) The defense demurred to, seeks to establish a cause of action in the mechanics and material men; as to this new matter, the defendant becomes a plaintiff, and he is bound to set forth facts sufficient to constitute a cause of action. (*Merritt* v. *Millard*, 5 Bosw. 653; *White* v. *Drake*, 3 Abb. N. C. 133.) The statement demurred to, if occurring in a complaint, was clearly insufficient. (*Kechler* v. *Stumme*, 4 J. & S. 337; *Myers* v. *Machado*, 6 Abb. 198; *Fay* v. *Adams*, 8 Mo. App. 566; *Dart* v. *Fitch*, 23 Hun, 361, 365; *Hollagan* v. *Herbert*, 2 Daly, 253; *Bailey* v. *Johnson*, 1 id. 61, 67.) Great particularity of averment is required in pleading a mechanic's lien.) *Mushlit* v. *Silverman*, 50 N. Y. 360; *Benton* v. *Wickwire*, 54 id. 226; 1 Chitty on Pleading, 222; *Hubbell* v. *Schreyer*, 15 Abb. Pr. [N. S.] 300; *Fay* v. *Adams*, 8 Mo. App. 566; *Duffy* v. *McManus*, 3 E. D. Smith, 657; *MacSorley* v. *Hogan*, 1 Code R. [N. S.] 285; *Sharp* v. *Clifford*, 44 Ind. 346; *Bailey* v. *Johnson*, 1 Daly, 61; 2 Wis. 73, 80, 81, 224; 45 Ind. 258; *Diossy* v. *Martin*, 6 Week. Dig. 54; *Conklin* v. *Wood*, 3 E. D. Smith, 662; *Leiegue* v. *Schwartzler*, 10 Daly, 547; *Fogarty* v. *Wick*, 8 id. 166; *Keogh* v. *Main*, 18 J. & S. 183, 186; *Childs* v. *Bostwick*, 65 How. Pr. 146; *Prior* v. *White*, 32 Hun, 14; *Cox* v. *Broderick*, 4 E. D. Smith, 721.) The plaintiff's title, as receiver, to the personal property of the judgment-debtor, extends back so as to include the personal property of said judgment-debtor at the time of the service of the order, requiring him to attend and be examined. (Code Civ. Pro. § 2469; *Clark* v. *Gilbert*, 10 Daly, 316.) To overcome plaintiff's title to this debt, it was necessary for defendant to allege in the proper way, and prove that the alleged lien attached before the title of plaintiff accrued. (*Clark* v. *Gilbert*, 10 Daly, 316; *Kenny* v. *Gilbert*, 93 N. Y. 539; *Hall* v. *Sheehan*, 69 id. 618; *Gibson* v. *Lenane*, 94 id. 183, 187; Laws of 1885, chap. 342, § 1; *Herbert* v. *Herbert*, 57 How. 333; *Schneider* v. *Hobein*, 41 id. 232; *Cheney* v. *T. H. Assn.*, 65 N. Y. 282; *Payne* v. *Wilson*, 74 id. 348; *Bostwick* v. *Menck*,

40 id. 333; 93 id. 539; 94 id. 183.)   It is not the province of a
bill of particulars, or a motion to make definite and certain, to
supply an allegation necessary to a cause of action or to a
defense, or to substitute allegations of fact for inferences of
law.   Such omission must be taken advantage of by demurrer,
or the point is waived. (*Clark* v. *Dillon,* 97 N. Y. 374;
*Kechler* v. *Stumme,* 4 J. & S. 337; *Bailey* v. *Johnson,* 1 Daly,
61; *Fay* v. *Adams,* 8 Mo. App. 566; *Dean* v. *Wheeler,* 2 Wis.
224; Id. 80, 81; *City* v. *Barr,* 45 Ind. 258; *Turner* v. *Roby,*
3 N. Y. 193; *Wheeler* v. *Raymond,* 8 Cow. 311.)   The intent
of the statute is merely to subrogate the sub-contractor to the
contractor's right. (*Herbert* v. *Herbert,* 57 How. 333;
*Schneider* v. *Hobein,* 41 id. 232; *Cheney* v. *T. H. Assn.,* 65
N. Y. 282.)   If the contractor, at the time the sub-contractor
takes his proceedings, has no right, the sub-contractor can
acquire none. (*Kenny* v. *Apgar,* 93 N. Y. 539; *Gibson* v.
*Lenane,* 94 id. 183; *Cheney* v. *T. H. Assn.,* 65 id. 282, 293;
*Payne* v. *Wilson,* 74 id. 255, 256.)

*Francis C. Reed* for respondent.   The demurrer is insuf-
ficient in law to entitle the plaintiff to a judgment against this
entire answer. (Code Civ. Pro. §§ 494, 507, 508; *Cobb* v.
*Frazee,* 4 How. Pr. 413; *Lord* v. *Vreeland,* 15 Abb. Pr. 126.)
Facts which prevent a recovery are a defense. (*Milliken* v.
*W. U. T. Co.,* 110 N. Y. 408.)

ANDREWS, J.   The defendant has taken no proceedings
in the nature of an interpleader, under section 820 of the
Code of Civil Procedure, and the sufficiency of the sixth
defense, or answer, must be determined by the test, whether
it alleges facts which, on their face, show that the plaintiff
has no right of action.   The plaintiff's right, as receiver, to
recover the amount owing by defendant under the contract
with Murphy, at the time the receiver was appointed, in the
absence of any valid prior liens upon the fund in favor of
other persons, is undisputed.   By section 2468 of the Code of
Civil Procedure, the property of a judgment-debtor is vested
in a receiver appointed in supplementary proceedings, who

has duly qualified, "from the time of the filing of the order" appointing him, except that in case of real property the vesting only takes place from the time the order is filed in the county where the real property is situated, and in case of a debtor who, at the time the order is filed, resides in another county, his personal property is vested when the order is filed in the county where he resides. By section 2469, when an order for the debtor's examination has been served, the receiver's title, when vested pursuant to section 2468, "extends back so as to include the personal property of the judgment-debtor at the time of the service of the order," except as against *bona fide* purchasers, or against creditors who have meanwhile received payment from their debtor in good faith and without notice. The words "personal property," in this section, include money, chattels, things in action and evidences of debt. (§ 3343.) Section 2469 is a new provision, not found in the former Code, and appears to have been inserted to change the rule declared in *Becker* v. *Torrance* (31 N. Y. 631), to the effect that no equitable lien was acquired by a creditor on the property of his debtor by the commencement of supplementary proceedings, and that when a receiver is appointed his title relates to the date of his appointment, and is subject to any lien on the debtor's property acquired by third persons intermediate the commencement of the proceedings and the appointment of the receiver.

The defendant, in the answer demurred to, alleges the existence of liens on the debt acquired under the mechanics' lien law, and, in substance, that such liens were prior to the claim of the plaintiff. But the answer does not state at what date the notices of liens were filed, the only averment on that point being that the liens were filed and in existence "at and prior to the commencement of the action." The action was commenced March 16, 1887, several months after the commencement of the supplementary proceedings. In view of the allegations in the answer that the alleged liens were filed at and prior to the commencement of the action, no other lien

being mentioned, it cannot, we think, be intended in support of the pleading that the filing of the notices of lien ante-dated the commencement of the supplementary proceedings. From all that appears they may have been filed subsequent to that time. If the defendant had averred, generally, that the claim sought to be recovered had been duly subjected to liens under the act of 1885, prior to the accruing of any right in the plaintiff, which were subsisting and valid, exceeding the amount of the debt owing by the defendant, it may well be, as held by the General Term, that the pleading would not be objectionable on demurrer on the ground of the omission to aver with more definiteness the precise dates or steps in the process by which the liens were created. But when the pleader, in connection with these general averments, proceeds to fix the time of the filing of the liens "at and prior to the commencement of the action," no liberality in construing pleadings permits an inference that the pleader intended to aver that they were filed prior to the commencement of the supplementary proceedings.

The real question presented by the demurrer relates to priority of lien between a judgment-creditor of a contractor, who has duly commenced supplementary proceedings on his judgment, terminating in the appointment of a receiver, and laborers and material men who, subsequent to the commencement of the supplementary proceedings, and within the time allowed by law, filed notices of lien t reach the debt owing the contractor, under a contract with the owner of a building for its construction. The section of the lien law (Chap. 342 of the Laws of 1885) which governs the right of the lienors in this case, prescribes that upon "filing the notice of lien," a lien shall be acquired, etc. The filing of the notice originates the lien. Anterior to this act the laborer or material man has no preferential right to be paid for his labor or material out of the sum which is due from the owner of the building to the contractor, but stands in the same position as other creditors. He may subject the debt to a lien in his favor on filing the notice and taking the proceeding prescribed by the act. But

if before this has been done other creditors, pursuing the usual remedies for the collection of debts, have acquired a legal or equitable right to have the debt applied in satisfaction of their claims, the right is not overreached by liens subsequently filed under the act, unless priority is given by the provisions of the act itself. This general principle was declared in *Payne* v. *Wilson* (74 N. Y. 348). It was there said : " He (the lienor) acquires a specific lien when he files his notice, but up to that time he is a general creditor with no greater equities than other general creditors. Hence he is affected by all equities existing in favor of those dealing with his debtor, and when he acquires his specific lien against the debtor, it attaches to no more than the estate or interest of the debtor as it then exists, which is no more than is left to the debtor after the satisfaction of these equities." The lien law of 1885 (§ 5), gives a lienor who has filed his notice, priority over any conveyance or judgment not recorded or docketed at the time of filing the notice, and over advances subsequently made on any mortgage on the premises, and also over the claims of general creditors under a general assignment for the benefit of creditors made within thirty days before the filing of notice of lien. No other priorities are given by the act. It is well settled that dealings in good faith between the owner of a building and a contractor for its construction, before the filing of a notice of lien, are protected. The second section of the act of 1885 protects persons entitled to file notice of lien against collusive and fraudulent payments made, or incumbrances created by the owner to defeat the purposes of the act, although notice of lien had not then been filed. This section recognizes the rule which has been frequently declared, that the owner is protected in respect of payments to the contractor made *bona fide*, before the filing of notice of lien, and this although the notice was filed within the statutory time ; and an obligation assumed by the owner to pay a third person is regarded as equivalent to payment to the extent of the obligation. (*Carman* v. *McIncrow*, 13 N. Y. 70 ; *Crane* v. *Genin*, 60 id. 127 ; *Gibson* v. *Lenane*, 94 id. 183 ; *Lauer* v. *Dunn*, 115 id. 406.)

In the present case there has been no payment, and the point in controversy is whether the owner is bound to pay the plaintiff, the receiver in the supplementary proceedings, or the lienors, the receiver representing a creditor of the contractor, and the lienors being his immediate creditors. The status of the respective parties may be briefly stated. The creditor, whom the plaintiff represents, by the commencement of supplementary proceedings acquired, under section 2469 of the Code, an equitable lien on the debt then owing by the defendant, which on the appointment of the receiver became a legal title in the receiver to the claim of the contractor against the defendant, as of November 27, 1866, the date of the service of the order in the supplementary proceedings. Subsequent to the service of the order the liens were filed. Which of the claimants have the prior right? We think the plaintiff, as receiver, has the superior claim. He stands as the assignee of the claim of the contractor against the defendant, by a title which ante-dates the filing of the notices of lien. When the liens were filed there was a debt owing by the defendant. If the proceedings instituted by the creditor, whom the plaintiff represents, had been abandoned, the liens would have had priority. But not having been abandoned, and the equitable lien existing when the liens were filed having been converted into a legal title as of a time anterior to the filing of the liens, the right to the debt, as between the plaintiff and the lienors, vested in the former. The plaintiff, we think, stands in as good a position at least as if prior to the filing of the liens the contractor had, in good faith, assigned his claim against the defendant to the creditor in the supplementary proceedings, as security for his debt. The assignee, under such an assignment, according to the general current of authorities, would take precedence over lienors under liens subsequently filed. (*Supt., etc.* v. *Heath*, 15 N. J. Eq. 22; *Craig* v. *Smith*, 37 N. J. Law, 549; *Dorestan* v. *Krieg*, 66 Wis. 604; *Copeland* v. *Manton*, 22 Ohio St. 398.) We understand the general rule to be that lienors, on filing

notices of lien, take their liens subject to any rights theretofore acquired by third persons in good faith, from or under the contractor, and that whatever right such persons may assert against him, or the owner, in or to the debt, whether such rights spring from voluntary arrangement, or contract, or are acquired by operation of law, may also be asserted against persons who, as laborers or material men, might have previously filed notices of lien, but omitted to do so.

We are of opinion that the sixth answer failed to show a defense, since neither expressly nor by reasonable intendment does it show that the alleged lienors filed notices of lien before the commencement of the proceedings supplementary to execution. Our decision relates to a case of money due or earned at the time those proceedings were instituted.

The judgment of the General and Special Terms should be reversed, and judgment ordered for the plaintiff on the demurrer, with costs in all courts.

All concur.

Judgment accordingly.