### In re GRISSLER et al.

(Circuit Court of Appeals, Second Circuit. March 24, 1905.)

No. 197.

1. FEDERAL COURTS—MECHANIC'S LIEN LAW—CONSTRUCTION BY STATE COURT.

The construction of the New York mechanic's lien law (Laws 1897, p. 514, c. 418) by the New York Court of Appeals, to the effect that during the time a laborer, mechanic, materialman, or subcontractor is entitled to file his lien, he has a preferential statutory claim, in the nature of a nonperfected equitable lien, which cannot be defeated by the party against whom it might be asserted by a general assignment for the benefit of creditors, will be followed in the federal courts.

[Ed. Note.—State laws as rules of decision in federal courts, see notes to Wilson v. Perrin, 11 C. C. A. 71; Hill v. Hite, 29 C. C. A. 553.]

2. SAME—TRUSTEE IN BANKRUPTCY—RIGHTS.

A contractor's trustee in bankruptcy stands in no better position with reference to the lien claim of the materialman than would the contractor's general assignee for the benefit of creditors.

**3. SAME—LIENS.**

The liens enumerated in Bankr. Act July 1, 1898, c. 541, § 67, 30 Stat. 564 [U. S. Comp. St. 1901, p. 3449], in respect to which the bankrupt's trustee acquires a better title than the bankrupt, do not include a mechanic's lien, when a notice of the lien has been filed within the statutory period, although not until within four months of the institution of bankruptcy proceedings.

**4. SAME—BANKRUPT'S RIGHT OF LIEN—ENFORCEMENT—COURTS.**

Where a bankrupt contractor was entitled to a mechanic's lien at the date of his adjudication in bankruptcy, such right cannot be enforced by the trustee in a court of bankruptcy, but must be enforced in the state courts, unless the adverse parties consent to be sued in the United States Circuit Court, as provided by Bankr. Act July 1, 1898, c. 541, § 23, 30 Stat. 552 [U. S. Comp. St. 1901, p. 3431].

**5. SAME—STAY.**

Where a materialman filed a notice of lien within the time prescribed, and thereafter the contractors were adjudged bankrupts, and a trustee appointed, who was made a party to an action to foreclose the materialman's lien, such trustee could not have the action stayed pending the bankruptcy proceedings, to the injury of the owner and other lienors appearing in such action.

Petition for Revision of Proceeding of the District Court of the United States for the Southern District of New York.

L. W. Thompson, for petitioner.

Before WALLACE, LACOMBE, and TOWNSEND, Circuit Judges.

WALLACE, Circuit Judge. The order under review stays the prosecution of an action in the state court to enforce a mechanic's lien of the Van Kannel Revolving Door Company against the real estate known as the "St. Regis Hotel Property." The Van Kannel Revolving Door Company furnished materials used in constructing the building to Grissler & Son; the latter being subcontractors under W. & J. Sloane, who were the contractors with the owner. December 8, 1903, creditors filed a petition to have Grissler & Son adjudicated bankrupts. December 10, 1903, the Van Kannel Revolving Door Company filed its notice of lien in the office of the clerk of the county of New York; the same having been filed within 90 days of the furnishing of the materials. January 4, 1904, Grissler & Son were adjudicated bankrupts. Subsequently, and after a trustee had been appointed in the bankruptcy proceeding, the Van Kannel Revolving Door Company was required, by written notice from the contractors, to commence an action to enforce its lien, and thereupon brought the action, the prosecution of which has been stayed, making the owner, the contractors, and various other parties appearing of record as lienors upon the property, defendants, including the bankrupts and their trustee in bankruptcy. The trustee, after appearing in the action and obtaining several extensions of time to answer, applied to the bankruptcy court, and obtained the order under review, staying all proceedings in the action. The application of the trustee was opposed by the plaintiff in the action and by various defendants in the action. As no opinion was

delivered by the court, we are not advised of the reasons which influenced the granting of the application.

The trustee, in making the application, seems to have acted upon the theory that he obtained a priority over the Van Kannel Revolving Door Company because the latter's notice of lien was not filed until after the filing of the petition for adjudication of bankruptcy. The decision of this court in Re Roeber, 9 Am. Bankr. Rep. 303, 121 Fed. 449, 57 C. C. A. 565, that a trustee in bankruptcy of a contractor was entitled to priority over a materialman who had not filed his notice of lien until after the institution of the bankruptcy proceeding, was based upon the consideration that the trustee succeeded to the same title which would have vested in an assignee of the contractor for the benefit of creditors, and adopted the construction of the mechanic's lien law (Laws 1897, p. 514, c. 418) which at that time was supposed to prevail in the courts of New York. It had been held by the state courts that the statute did not preclude the contractor from paying his creditors out of the moneys due or to become due to him from the owner, to the exclusion of the materialmen who had not filed liens, and that, until the materialman had filed his notice of lien, he was merely a creditor at large of the contractor. McCorkle v. Hermann, 117 N. Y. 297, 22 N. E. 948; Mack v. Colleran, 136 N. Y. 617, 32 N. E. 604; Stevens v. Ogden, 130 N. Y. 182, 29 N. E. 229. Some of the state courts had also held that, the materialman being merely a creditor at large until the filing of his notice of lien, he could not obtain priority over a general assignee of the contractor for the benefit of creditors by filing the notice subsequent to the making of the general assignment. This court, in Re Roeber, approved the reasoning of these decisions, and, following their construction of the statute, held that the materialman who had not filed his notice of lien could not acquire priority over a trustee in bankruptcy of the contractor by filing his notice subsequent to the time when the title of the trustee accrued. Since that decision, however, the New York Court of Appeals, in John P. Kane Company v. Kinney, 174 N. Y. 69, 66 N. E. 619, has overruled the decisions of the state courts which were followed by this court; and, as this is a decision in the construction of a state statute by the highest court of the state, this court should follow it. In the latter case the court, in its opinion, said:

"A certain time is allowed in which the lien may be asserted or lost. During that time there is a preferential statutory right, in the nature of a non-perfected equitable lien, in favor of the laborer, mechanic, materialman, or subcontractors. And when a notice of lien is filed, that right is perfected. But until the ninety days allowed by the statute within which the lien may be filed have elapsed, the right cannot be defeated by the voluntary act of the pary against whom it might be asserted, such as a general assignment for the benefit of creditors."

The court distinctly decided that the inchoate right acquired by the materialman, when perfected by the filing of his notice of lien, though filed subsequent to a general assignment of the contractor for the benefit of creditors, was superior to the rights ac-

quired by the assignee. A trustee in bankruptcy of the contractor or subcontractor stands in no better position than would the general assignee. This court said in Re Emslie, 102 Fed. 291, 42 C. C. A. 350:

"A trustee in bankruptcy cannot acquire a better title than the bankrupt had, except as to property which has been transferred contrary to the provisions of the bankrupt act, and takes the estate subject to all liens and incumbrances other than those enumerated in section 67 (Act July 1, 1898, c. 541, 30 Stat. 564 [U. S. Comp. St. 1901, p. 3449])."

This court also decided in that case that the liens enumerated in section 67, in respect to which the trustee acquired a better title than the bankrupt, did not include a mechanic's lien, when the notice of the lien had been filed within the statutory period, although not filed until within four months of the institution of proceedings in bankruptcy. If the trustee only acquires such title as the bankrupt had at the date of the adjudication of bankruptcy, and if that title is subject to an inchoate or equitable lien, which may subsequently, without contravening any provision of the bankrupt act, be perfected by the claimant, if he sees fit to do so within the statutory time, it would seem plain that the trustee's title is impressed with the priority which the claimant is thus at any time within the 90 days prescribed by the statute for filing his notice of lien at liberty to secure. In the recent case of Crane v. Pneumatic Signaling Company, in the Appellate Division of the Supreme Court of New York (87 N. Y. Supp. 917), it was directly adjudged that the trustee in bankruptcy of the contractor or subcontractor stands in no better position than would the general assignee, and that, although the notice of lien is not filed until subsequent to the proceeding in bankruptcy, if filed within the three months the materialman has priority over the trustee. It would be most unfortunate to have a conflict of decision between the state courts and the courts of bankruptcy in respect to the meaning and effect of a statute affecting the titles to real estate, and, if this situation can be averted by following the decision of the highest court of the state which settles the previously doubtful question of statutory construction, this court ought not to refuse even though that decision may seem to us to be illogical and inconsistent with the previous decisions of that court.

There is no good reason why the action brought in the appropriate state court to determine the rights of the various lien claimants upon the property which is not in the custody of the bankruptcy court should be stayed because the bankrupts and their trustees have been made parties to that action in order to determine whether the bankrupts also had a lien to which the trustee has succeeded, and there is no provision in the bankrupt act which authorizes the court to stay such an action. The trustee is, of course, vested with any right to a chose in action which belonged to the bankrupts at the date of the adjudication in bankruptcy; but that right is merely one to enforce a statutory lien, and cannot be enforced by the trustee in a court of bankruptcy. In order to reduce the chose in action to his possession, he must resort to the state court in

which the subcontractors might have sued if the bankruptcy pro-. ceeding against them had not been instituted, unless the adverse parties consent to be sued in the United States Circuit Court. Bankr. Act July 1, 1898, c. 541, § 23, 30 Stat. 552 [U. S. Comp. St. 1901, p. 3431]. In Re Russell, 101 Fed. 249, 41 C. C. A. 323, this court pointed out the distinction between the propriety of staying suits brought by parties seeking to recover property in the custody of the bankrupt court, and those brought to establish a right of action against the trustee; and we said in that case that if the action had been in trespass or trover, instead of replevin, we should have entertained no doubt that it was properly brought against the trustee in the state court. The effect of staying the action in the state court would be injurious to many parties who have not the remotest connection with the bankruptcy proceeding, the owners of the real estate, the contractors, and other lienors, whose title cannot be adjudged until the controversy between the subcontractors or their trustee and the materialmen has been adjudicated; and courts of bankruptcy should be slow, even in matters within their jurisdiction, to exercise such a power.

The order is reversed.