## In re NEW YORK–BROOKLYN FUEL CORPORATION.

(District Court, E. D. New York. October 14, 1925.)

1. Bankruptcy ⬤⟲151.

Though adjudication in bankruptcy passes title to bankruptcy trustee subject to valid liens, it is not conveyance for value and without notice.

2. Bankruptcy ⬤⟲192—Mechanics' lien, valid under state law, is not invalid because filing occurred after owner's adjudication as bankrupt (Bankr. Act, § 47a, as amended by Act June 25, 1910, § 8 [Comp. St. § 9631]; New York Lien Law [Consol. Laws, c. 33] §§ 3, 10, 13).

Mechanics' lien against realty, otherwise valid under New York Lien Law, §§ 3, 10, 13, and duly filed within four months allowed thereby, is not invalid under Bankr. Act, § 47a, as amended by Act June 25, 1910, § 8 (Comp. St. § 9631), because filing occurred after owner's adjudication as bankrupt.

3. Courts ⬤⟲366(18)—Decree of highest state court that mechanics' lien is entitled to priority over bankruptcy trustee, though filed after adjudication, will be followed by federal court (New York Lien Law [Consol. Laws, c. 33] §§ 3, 10, 13).

Decree of highest court of state of New York that mechanics' lien, filed within four months required under New York Lien Law, §§ 3, 10, 13, though filed after adjudication, gives lienor prior rights over bankruptcy trustee, will be followed by federal court, regardless of whether it agrees with state court's reasoning.

In Bankruptcy. In the matter of the New York-Brooklyn Fuel Corporation. On referee's certification of question of law. Referee's decision reversed.

Order affirmed 11 F.(2d) 802.

Charles Foster Brown, of New York City, for trustee.

Nathan Bardach, of New York City, for lienor.

INCH, District Judge. The referee certifies what appears to me to be, an interesting and important question of law. It is whether or not, because of section 47a (2), amendment of 1910 National Bankruptcy Act, being Comp. St. § 9631, a mechanic's lien, otherwise in all respects valid and duly filed within the time allowed by New York

state statute, becomes invalid by reason of the filing having occurred subsequent to an adjudication in bankruptcy of the party owning the land against which said lien was filed.

The referee has held that such lien thereby became and is invalid. The lienor contends that its lien is valid.

It is the contention of the trustee and the referee that this question has not been decided in this district, and no federal case directly to that effect has been submitted.

So far as the actual decision of the exact question is concerned, I am inclined to believe this is so, but this is far from saying that there are no decisions in our district which seem to indicate plainly a decision of the question now presented. When such decisions were rendered, the period of ninety days was allowed in which to file a mechanic's lien. Since such decisions, such period has been extended to four months. This difference is immaterial unless, as is now contended by the trustee, the amendment to the National Bankruptcy Act in 1910 has not only introduced a new law, but has entirely set aside the theory which seems to have dominated the federal courts, to wit, that of following the state court's construction of its own statute law.

After due consideration of the very able memorandum of the experienced and learned referee, and the brief of the trustee, together with a careful examination myself, I have come to the conclusion that the mechanic's lien here is valid.

This conclusion is based on two reasons: First, on my construction of the law; second, on the fact that, the highest court of New York state having held such lien is valid against a trustee, the federal court whether agreeing in the reasoning or not will follow such decision.

Before giving my own construction I desire to state the facts. They are very simple and undisputed.

The New York & Brooklyn Fuel Corporation, now bankrupt, was and is the owner of certain real property located in the county of Kings, city of New York, this district. This property was improved by certain labor done and materials furnished by the Berkshire Iron Works, Inc.; the date of the last service rendered and material furnished being January 19, 1925. This party was not paid. On the 21st day of April, 1925, a petition in bankruptcy was filed against the said New York & Brooklyn Fuel Corporation, Inc., and on the 7th day of May, 1925, it was duly adjudicated a bankrupt in this

district. On May 8, 1925, safely within the four months allowed by the Lien Law of the state of New York for such filing, the said Berkshire Company duly filed in the county of Kings, this district, its notice of lien. Later, by order of this court, the real estate was sold by the trustee, in bankruptcy, free and clear of liens; it being understood and agreed, that, if the said mechanic's lien is valid, it attaches to the proceeds of such sale with the same force and effect as it did against the real property.

Consequently the mechanic's lienor here seeks the sum of $910 in full from the fund. The referee holds that said lien is invalid, denies the payment of any such sum, and has decided that the Berkshire Iron Company is simply a general creditor.

The sections of the Lien Law of the state of New York (Laws 1909, c. 38, art. 2, § 3 [Consol. Laws, c. 33]) applicable to this situation are as follows:

"A contractor * * * or materialman, who performs labor or furnishes materials for the improvement of real property with the consent or at the request of the owner thereof * * * shall have a lien for the principal and interest of the value, or the agreed price, of such labor or materials upon the real property improved, * * * from the time of filing a notice of such lien as prescribed in this article." (This section was apparently taken unchanged from the Lien Law of 1897.)

Section 10: "The notice of lien may be filed at any time during the progress of the work and the furnishing of the materials, or within four months after the completion of · the contract, or the final performance of the work, or the final furnishing of the materials, dating from the last item of work performed or materials furnished. The notice of lien must be filed in the clerk's office of the county where the property is situated. * * * *" (The above section was amended, to read as above, by the Laws of 1916, c. 507, § 5. The amendment substituted "four months" for "ninety days" in the first sentence.)

Section 13: "A lien for material furnished or labor performed in the improvement of real property shall have priority over a conveyance, judgment or other claim against such property not recorded, docketed · or filed at the time of the filing of the notice of such lien, except as hereinafter in this article provided * * * and also over an attachment hereafter issued or a money judgment hereafter recovered upon a claim, which, in whole or in part, was not for materials furnished, labor performed or moneys

advanced for the improvement of such real property; and over any claim or lien acquired in any proceedings upon such judgment. * * * *" (The above was amended, to read as above, by the Laws of 1916, c. 507, § 7.)

It was in accordance with the above statutory provisions that the mechanic's lien here was filed. It was duly filed, and is otherwise in all respects valid. There had been, however, a prior adjudication in bankruptcy.

We now turn to the section 47a of the National Bankruptcy Act of 1898, as amended in 1910. It is this amendment that persuades the referee and trustee that this mechanic's lien is no longer valid. Prior to the said amendment of 1910, this section 47a (so far as applicable here) read as follows:

"Trustees shall respectively * * * (2) collect and reduce to money the property of the estates for which they are trustees, under the direction of the court, and close up the estate as expeditiously as is compatible with the best interests of the parties in interest."

In 1910 Congress added the following:

"And such trustees, as to all property in the custody or coming into the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon; and also, as to all property not in the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied. * * * *" Comp. St. § 9631.

The above section, as so amended, thus has applied since 1910.

The case arising in the Circuit Court of Appeals of this district, referred to by the referee and trustee, deals with a somewhat similar situation as to a mechanic's lien, but was decided in 1905. In re Grissler, 136 F. 754, 69 C. C. A. 406. It was therefore prior to this amendment by about five years.

It should be borne in mind that we have nothing to do here, so far as the validity of this mechanic's lien is concerned, with liens attempted to be set up in violation of a state statute such as exists where there is a failure to record, etc., as in Master Knitting Corp., 7 F.(2d) 11, C. C. A. 2d Cir., May 4, 1925.

Here we have a due recording, in full compliance with the state statute, and yet, if the ruling of the referee is correct, such lien is invalid, and the statute is in effect overruled by a federal statute. Surely, if such result was intended, Congress should be expected to expressly and clearly state it and not leave it to doubtful construction. I think

we shall find that Congress intended no such result.

In the late case in the federal court (In re Duker Meat Market, 2 F.[2d] 699, 700, 5 Am. Bankr. Rep. [N. S.] 407, at page 409 [1924]), Judge Mack, writing for the Circuit Court of Appeals, Sixth Circuit, says, in discussing this amendment:

"The contention that the trustee is himself a subsequent creditor without notice is without merit; he is not a creditor at all; he merely represents the creditors, and by virtue of the Bankruptcy Act is vested with whatever rights any or all of them might have had as against the mortgagee at the date of filing the petition in bankruptcy."

And at page 410 (2 F.[2d] 701) he further states:

"In the absence of a decision of the Court of Appeals of Kentucky, and with full recognition of the difficulty of determining the true meaning of the statute, we believe that it should be liberally construed as against what the Legislature deemed an evil, secret liens, and therefore protect antecedent as well as subsequent creditors." (Underlining mine.)

We have ample authority in the Court of Appeals of the state of New York, contrary to the contention of the trustee here, but on the theory that the intention of Congress may be obscure it has become necessary, it seems to me, to refer briefly to the proceedings in the Congress at the time this amendment was adopted. The record is contained on pages 2261 to 2270, vol. 45, 1910 Congressional Record.

While the debate on the bill, reported by the Judiciary Committee of the House, was mainly on the question of whether or not the Bankruptcy Act should not be entirely repealed, to take effect two years thereafter, there seems to have been no dispute about the intention and wisdom of the particular amendment in question. The minority of the Judiciary Committee had this to say:

"On account of the decision in York Manufacturing Co. v. Cassell, 26 S. Ct. 481, 201 U. S. 344, 50 L. Ed. 782, section 8 (the amendment) section 47 above set forth is proposed. * * * In other words, it was held in this case that the trustee in bankruptcy had no more right or title than the bankrupt himself had. This amendment seems to be an improvement upon the federal statute *because it makes the federal statute conform to the state laws of, I believe, all or nearly all of the states of the Union.* I may be permitted to observe, Mr. Speaker, that even in this day Congress can learn many valuable

lessons from the laws of the states." (Underlining mine.)

The majority of the committee had this to say in regard to the amendment:

"The next amendment is very vital and important. The present law says, speaking of the trustees: 'Collect and reduce to money the property of the estates for which they are trustees under the direction of the court, and close up the estate as expeditiously as is compatible with the best interests of the parties in interest.' I have added to that, this language: 'And such trustees, as to all property in the custody or coming into the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon, and also, as to all property not in the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied.'

"Now, the reason for that was this: 'The Supreme Court, in the case of York against Cassell, held that the title of the trustee was simply the title of the debtor; that he took no more title than an assignee does under the law; that he stood in the shoes of the assignor; and that, if the bankrupt could not object or recover property or set aside a transfer, the trustee could not, because he had no better title than the bankrupt had. Well, the effect of that was this: *The creditors* were prevented from setting aside a conveyance or transfer *that might be voidable* as to them, because the bankruptcy court had taken possession and they were no longer free to act, and the trustee could not, because he had no better title than the bankrupt, and so, in order to remedy that and to prevent *the evil of secret liens,* we provide that the trustee shall have just the title that any creditor would have had if the bankruptcy proceedings had not been instituted. He can then recover this property for the benefit of all the creditors and prevent one creditor getting an undue share by preference.'" (Underlining mine.)

The report of the Judiciary Committee in regard to this amendment carries the following note (amendment to section 47, cl. 2, subd. (a), at page 2277): "Note-One of the most important decisions under the present law is York Manufacturing Co. v. Cassell [26 S. Ct. 481] 201 U. S. 344 [50 L. Ed. 782], wherein it was held that property covered by an unrecorded instrument which *would have been void* under the state law, had the property been taken by an assignee or receiver in the state courts, or levied upon by attachment or execution, was not void where the possession of the property was taken by a receiver or trustee in bankruptcy, the Supreme Court holding that the trustee stood precisely in the bankrupt's shoes with regard to the unrecorded instrument, even *though under the state law,* had the seizure been made by a state court assignee in insolvency or receiver, or by the sheriff under execution or attachment, *the unrecorded lien would have* been void as against creditors. By this ruling the trustee in bankruptcy is by the law, as it now stands, held to be vested solely with the bankrupt's own title except as to property fraudulently transferred and as to property which (within four months of the bankruptcy) has been seized by a creditor by legal proceedings or voluntarily transferred to him by way of a preference. The trustee, under the present law, does not take the rights of a creditor, then, except as to fraudulently transferred property or as to property seized by legal proceedings within four months of the bankruptcy by creditors or preferentially transferred to them by the bankrupt during that period. In this way a distinct advantage is given to the *holders of unrecorded liens.* The creditor's hands meanwhile are tied from making any levy, because the separate rights of the creditors have become vested in the trustee for all, besides which, as to property already in the custody of the bankruptcy court, of course individual creditors would be in contempt of court should they levy thereon. Thus *the evil of secret liens* has continued. It is this evil and the injustice worked upon creditors who rely upon the debtor's apparent ownership against which the bankruptcy law has set its face.

"The proposed amendment, while correcting the defect named, at the same time *carefully guards the rights of all parties.* It is evident that in the proposed amendment attempt is made to give effect to two ideas, quite distinct: First, that, as to the property in the custody of the bankruptcy court, the bankruptcy *trustee shall be considered to have the same title that a creditor holding an execution or other lien by legal or equitable proceedings levied upon that property would have under state law;* and, second, that, as to property not in the custody of the bankruptcy court, the trustee should stand in the position of a judgment creditor holding an execution returned unsatisfied, thus entitling him to proceed *precisely as an individual creditor* might have done to subject assets. *In this way, in effect, proceedings in bankruptcy will give to creditors the same rights*

*that creditors under the state law would have had had there been no bankruptcy,* and from which they are debarred by the bankruptcy—certainly a very desirable and eminently fair position to be granted to the trustee." (Underlining mine.)

The amendment was adopted without debate in the Senate.

Thus it seems to me to be plain that the intention of the Congress was not to override the statute of a state, but rather, so far as possible, to work in harmony with the laws of all the states, placing the trustee, not only in the position of the bankrupt, but also in the position of a creditor in a state, to the end that his right should not be restricted, as it had been, solely to that of the bankrupt, and as held by the Supreme Court of the United States. York Co. v. Cassell, supra. There was no intention to give a trustee greater rights and unusual remedies not enjoyed or possessed by any state creditor simply because the trustee derived his powers from a federal statute.

Accordingly we turn now to see what rights, if any, a creditor in the state of New York would have against a mechanic's lien, duly filed as this one was.

We have seen that in 1916 the Lien Law of this state was amended to cover this situation. Section 13, supra. Under some of the old Lien Laws a mechanic's lienor apparently had no priority over a judgment creditor, and even unrecorded deeds and mortgages took precedence. Payne v. Wilson, 74 N. Y. 348.

Even under the law prior to the amendment in 1916, a sale for value and in good faith prior to the filing of a lien voided the lien so far as the property was concerned. Fanning v. Belle Terre, 137 N. Y. S. 595, 152 App. Div. 718. The courts, however, insisted that to invalidate the lien the deed must be actually recorded prior to the filing of the lien. Reedy Co. v. Monok Co., 157 N. Y. S. 565, 171 App. Div. 653.

The Legislature of the state of New York had all these situations before it when, in 1916, it amended the Lien Law, and as a result in express terms (section 13) the statute now states that a mechanic's lien, when duly filed in accordance with the statute, shall have priority over a deed or a judgment or any other claim against the property, which had not previously been recorded, docketed, or filed, at the time of the filing of the lien (with certain exceptions not material here), and then goes on to say, apparently without exception and without regard to prior' filing or docketing, that a mechanic's lien for materials furnished or labor performed shall have priority *over an attachment or money judgment* which was not in whole or in part the result of an action for materials furnished, labor performed, or moneys advanced, for the improvement of the real property against which the mechanic's lien was filed. See Jensen on Mechanic's Lien Law of the State of New York (2d Ed. 1924) p. 102.

The referee apparently relies for the priority of the judgment on the case of McCorkle v. Herrman, 22 N. E. 948, 117 N. Y. 297. Aside from the wording of the amended Lien Law in 1916, a reference to this case shows that it was decided in 1889 under one of the old Lien Laws (see page 304 [22 N. E. 948]), and therefore it would seem to be no longer useful.

The trustee here claims that he is, in effect, a judgment creditor. The Circuit Court of Appeals, Sixth Circuit, has held he is not; but, assuming that he is (with which I do not agree), it seems to me that the petition in bankruptcy and the decree of adjudication are not of the nature expressly stated by the Legislature of the state as taking precedence over a mechanic's lien duly filed; the Legislature also distinctly states that ordinary money judgments should not take precedence.

[1] The decree of adjudication, although it passed the title by law to the trustee, subject to any valid liens, was not a conveyance for value and without notice. In re Seward Dredging Co., 242 F. 225 at page 228, 155 C. C. A. 65. The petition was not an attachment in or the result of an action to recover money expended for the improvement of the real estate, or a proceeding in connection therewith.

The duty of the trustee, as expressed in section 47a, remains unchanged. It is to *collect* and *reduce* to money the estate for the purpose of distribution. The trustee here is not a mechanic's lienor.

The Supreme Court in the said York v. Cassell Case, supra, stated:

"In this case, under the authorities already cited, the York Manufacturing Company had the right, as between itself and the trustee in bankruptcy, to take the property under the unfiled contract with the bankrupt, and the adjudication in bankruptcy did not operate as a lien upon this machinery in favor of the trustee as against the York Manufacturing Company." Page 353 (26 S. Ct. 485).

Congress has not yet made an adjudication an actual lien. It has given to the trustee what, for all practical purposes, is sufficient to protect the creditors, the rights,

remedies, and powers of a judgment or equity lienor. As to this dual position see, Central Trust Co. v. Corporation (C. C. A.) 300 F. 397, for this purpose of collecting and reducing to money the estate, but certainly this must be with due regard to *actual* liens given a creditor, not by legal action or proceedings, but solely by virtue of a state statute. As to the nature of such a lien see, Kemp Lumber Co. v. Howard, 237 F. 574 at page 577, 150 C. C. A. 456.

Property on which such valid statutory liens exist comes into the custody of the trustee subject thereto.

There is nothing secret about a mechanic's lien for labor or materials furnished and filed within the period allowed. The period of four months from the last item and the honesty of the lien is easily ascertainable by a trustee. The referee's fears on this score seem unfounded.

Moreover, to allow a voluntary bankrupt, or, as is the case on many occasions, an alleged involuntary voluntary bankrupt, by a mere adjudication, to overthrow entirely the fair and useful purpose of a mechanic's lien, would seem contrary to the very spirit of the Bankruptcy Law and Congress.

The sole purpose of the Bankruptcy Act was to enact a uniform system of bankruptcy throughout the United States. The "petition" is defined by the National Bankruptcy Act "as a paper filed praying for the benefits of the act or by creditor alleging the commission of an act of bankruptcy." chapter 1, § 1 (20) being Comp. St. § 9585. An "adjudication" is defined as "the decree that defendant is a bankrupt." Chapter 1, § 1 (2).

The aim of the Bankruptcy Act is to compel an equal distribution of the assets of the bankrupt among all the creditors. But this does not mean that such distribution is to be made without due regard to the statutory rights accorded creditors by a state. The uniformity of application is rather found in the uniform recognition in each state, of the statutes of that state, where the business of the bankrupt was conducted, where the creditor's rights, if any, arose, and by which statutes the creditors would be best presumed to have had their dealings with the bankrupt. Particularly is this so where, as in this case, real estate is concerned.

It is only in this way that the true uniformity of application, with due regard to rights of all creditors, is obtained, and it would seem that it is this, among other reasons, which causes federal courts to follow, almost invariably, the statutory rights of creditors, as construed by the decisions of the

11 F.(2d)—51

highest court of a state, as will be mentioned briefly hereafter.

But one thing more remains to be said, and that is as to the decisions, if any, of the highest court of the state of New York as to the validity of this mechanic's lien, filed after an adjudication in bankruptcy, but within the prescribed time allowed by the statute.

Numerous authorities are available, both prior and subsequent to 1910 (the date of the amendment of the Bankruptcy Act), but it will suffice to refer to two late cases in the Court of Appeals of the State. Gates v. Stevens Co., 115 N. E. 22, 220 N. Y. 38, and Gates Co. v. Exposition Ass'n, 121 N. E. 741, 225 N. Y. 142. Both of these cases are contrary to the trustees' contention here; they are decisions of the highest court of the state of New York, construing its Lien Law and the priority of all liens.

[2] Accordingly, it seems to me, that Congress did not intend to override, by its amendment, state statutory rights belonging to creditors. Such rights, where held to exist by the highest court of a state, must be recognized by a trustee. It is only in the absence of such decisions that the federal court will construe such rights. There is no conflict between the amendment and the state statute nor such conditions as to necessitate a different construction of its own statute by federal court. State v. Anderson, 27 S. Ct. 137, 203 U. S. 483, 51 L. Ed. 284; Stellwagen v. Clum, 38 S. Ct. 215, 245 U. S. 605, 62 L. Ed. 507.

Therefore, as this mechanic's lien seems to me to be valid, in accordance with the decisions of the highest court of the state, it is valid against a trustee, as long as it was filed and all the acts done in strict compliance with the state statute giving such rights, and which declares the priorities of liens in such case.

[3] The second reason for holding this lien valid needs but brief mention. It may, however, be more satisfactory then my own reasoning. It is that the highest court of the state of New York, having held that such a lien as this gives prior rights to the lienor over a trustee, when duly filed, although after an adjudication, the federal court, whether or not it agrees with the reasoning, will follow such decision. A reference to but a few of the cases will be sufficient.

In re Morgan v. National Bank, 145 F. 466, 76 C. C. A. 236: "The mechanic's lien * * * does not appear to conform to the laws of the state of West Virginia as construed by the Supreme Court of Appeals of that state, by which decision we feel bound in determining upon the validity of the stat-

utory lien enforceable in bankruptcy." Page 472 (76 C. C. A. 242).

In re Varner (D. C.) 297 F. 337, 2 Am. Bankr. Rep. (N. S.) 374, asserts that the bankruptcy courts will follow the decisions of the state courts in the interpretation and application of state statutes regarding liens. This case was an example of a secret though equitable lien which might be voided by the trustee under his new powers. Also see In re Traut (C. C. A.) 297 F. 458, 3 Am. Bankr. Rep. (N. S.) 368.

In re Ocumpaugh v. Linde, 122 A. 817, 95 N. J. Eq. 228, 4 Am. Bankr. Rep. (N. S.) 1. The federal court followed the construction of a state lien statute, and said, at page 4 (122 A. 818, 95 N. J. Eq. 232): "It is clear that the funds in the hands of the municipalities could not in any aspect have become a part of the assets of the bankrupt company until it or its trustee had impressed upon such fund a statutory lien in the bankrupt's favor, and even then such statutory lien would be subservient to the statutory lien upon the fund of the parties who furnished the materials and did the work for the bankrupt subcontracting company."

And finally, in this circuit, the Circuit Court of Appeals has, it appears to me, uniformly followed this rule.

Prior to 1902, the highest court of the state of New York had decided against the validity of a lien filed by a creditor. McCorkle v. Herrman, 22 N. E. 948, 117 N. Y. 297. Accordingly, when a question arose in the federal court, in a bankruptcy proceeding involving the validity of a similar lien, the Circuit Court of Appeals followed the construction of the highest court of the state, stating, at page 449 (57 C. C. A. 565), "according to the settled construction by the courts of New York," a lien is created "only from the filing of the notice," and citing the above state decision. In re Roeber, 121 F. 449, 57 C. C. A. 565.

Thereafter the Court of Appeals of New York, asserted a different construction as to mechanic's liens, and overruled its previous decision. John P. Kane Co. v. Kinney, 66 N. E. 619, 174 N. Y. 69. Thereupon, in 1905, the question of the validity of a mechanic's lien again arising in a bankruptcy matter, and coming before the Circuit Court of Appeals, said court adhered to the rule, and followed this new decision of the highest court of the state, saying at page 756 (69 C. C. A. 408), "as this is a decision in the construction of a state statute by the highest court of the state, this court should follow." In re Grissler, 136 F. 754, 69 C. C. A. 406.

Since 1905 and in 1916 the state has amended its Lien Law, as already fully referred to, and we have a number of late decisions by the highest court of the state construing this law as amended. Gates v. Stevens Co., 115 N. E. 22, 220 N. Y. 38; Gates v. Exposition Ass'n, 121 N. E. 741, 225 N. Y. 142. The state court had before it the said amendment to the Bankruptcy Act of 1910, and construed a mechanic's lien, duly filed, to be prior to any lien of a trustee under the amendment.

This was not a construction by the state court of a federal statute. It was a construction of the state statute as to what *liens* were prior, in accordance with the express language and intention of the state Legislature.

Consequently it seems to me, if I am correct in the application of this rule, I must follow the latest construction placed on the state statute by the highest court of this state, in the absence of any expressed change in such adherence rule up to the present time by the Circuit Court of Appeals of this circuit.

The construction placed on the statute by the highest court of this state undoubtedly makes the lien here a valid one.

I am therefore compelled to reverse the learned referee, and declare the lien in question a valid one for the full amount, to be paid out of the fund representing the proceeds of the sale of the real property, against which it was duly filed.