## NEW YORK–BROOKLYN FUEL CORPORATION v. FULLER.

(Circuit Court of Appeals, Second Circuit March 26, 1926.)

No. 268.

1. **Bankruptcy** ⬤⇒151.

Bankruptcy trustee is in position of bankrupt just before adjudication.

2. **Bankruptcy** ⬤⇒151—Bankruptcy trustee is not a creditor, but merely represents creditors (Bankruptcy Act, § 47a, as amended by Act June 25, 1910, § 8 [Comp. St. § 9631]).

Bankruptcy trustee is not a creditor, but merely represents creditors, and under Bankruptcy Act, § 47a, as amended by Act June 25, 1910, § 8 (Comp. St. § 9631), is vested with whatever rights any or all of them might have had as against petition in bankruptcy.

3. **Bankruptcy** ⬤⇒192—Mechanic's lien is not lost by adjudication in bankruptcy within four months after it is acquired, even though lien did not attach until notice.

Mechanic's lien is creature of statute, and not of legal proceedings, and is not lost by ad-

judication in bankruptcy within four months after it is acquired, even though lien did not attach until notice, and it is valid, except where it may be attacked for intent to hinder, delay, or defraud.

**4. Courts ⟨⟩366(18)—In matters of lien law decisions of highest state court have controlling influence on federal courts, and, if local law is clear, federal courts will accept it.**

In matters of lien law, local law, established by decisions of state courts of last resort, has controlling influence on federal courts, and, if local law is expressed with sufficient clearness, federal courts will accept it; rather than form their own judgment.

**5. Bankruptcy ⟨⟩151—Bankruptcy proceedings give creditors same rights they would have had under state law, if there had been no bankruptcy (Bankruptcy Act, § 47a, as amended by Act June 25, 1910, § 8 [Comp. St. § 9631]).**

Under Bankruptcy Act, § 47a, as amended by Act June 25, 1910, § 8 (Comp. St. § 9631), bankruptcy proceedings give creditors same rights that creditors under state law would have had, if there had been no bankruptcy.

**6. Bankruptcy ⟨⟩188(1).**

Creditors dealing with bankrupt are chargeable with notice of rights given against bankrupt's property by state Lien Law.

**7. Bankruptcy ⟨⟩192—Mechanic's lien filed within time prescribed by state law, though after adjudication, takes precedence of bankruptcy trustee's interest (Lien Law N. Y. [Consol. Laws, c. 33] § 13; Bankruptcy Act, § 47a, as amended by Act June 25, 1910, § 8 [Comp. St. § 9631]).**

Mechanic's lien, filed against bankrupt's property within time prescribed by Lien Law N. Y. § 13, though filed after adjudication in bankruptcy, takes precedence of bankruptcy trustee's interest, notwithstanding Bankruptcy Act, § 47a, as amended by Act June 25, 1910, § 8 (Comp. St. § 9631), in view of decisions of state court to that effect.

Petition to Revise Order of and Appeal from the District Court of the United States for the Eastern District of New York.

In the matter of the New York-Brooklyn Fuel Corporation, bankrupt. Seymour K. Fuller, as trustee in bankruptcy, petitions to revise and appeals from an order of the District Court (11 F.[2d] 796) setting aside an order of the referee holding a mechanic's lien invalid, and decreeing the lien to be valid and enforceable. Affirmed.

Charles Foster Brown, of New York City, for petitioner appellant.

Nathan Bardach, of New York City, for respondent appellee.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

MANTON, Circuit Judge. On May 7, 1925, the New York-Brooklyn Fuel Corpora-

tion was adjudged a bankrupt on a petition filed April 21, 1925. Prior thereto, and within four months, the Berkshire Iron Works, Inc., had performed labor and supplied materials on its property situate in the borough of Brooklyn, city of New York, at an agreed price. On May 8th it filed its mechanic's lien under the provisions of section 13 of the New York State Lien Law (Consol. Laws, c. 33). The referee held the lien to be ineffectual for the reason that it was subsequent to the adjudication in bankruptcy. This ruling was reversed by the District Judge. The notice of lien was sufficient in description and statement. On July 16, 1925, the real property on which the work was performed and material furnished was sold by order of the bankruptcy court free and clear of this lien, under an agreement that the proceeds derived should stand in place of the real property and that the lienor should thereafter prove its claim, if it had one, against the proceeds.

[1] A trustee in bankruptcy is in the position of the bankrupt just before adjudication. York Mfg. Co. v. Cassell, 26 S. Ct. 481, 201 U. S. 344, 50 L. Ed. 782. It has been held that he may not contest a mechanic's lien, even if filed subsequent to the adjudication. In re Grissler, 136 F. 754, 69 C. C. A. 406. But it is argued that the amendment of 1910 (section 47a of the Bankruptcy Act [Comp. St. § 9631]) has placed the trustee in a better position because it provides:

" * * * And such trustees, as to all property in the custody or coming into the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies and powers of a creditor holding a lien by legal or equitable proceedings thereon, and also, as to all property not in the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied. * * * "

Section 13 of the New York Lien Law provides that:

"A lien for materials furnished or labor performed in the improvement of real property shall have priority over a conveyance, judgment or other claim against such property not recorded, docketed or filed at the time of the filing of the notice of such lien, except as hereinafter in this article provided, * * * and also over an attachment hereafter issued or a money judgment hereafter recovered upon a claim, which, in whole or in part, was not for materials furnished, labor performed or moneys advanced for the improvement of such real property; and over

any claim or lien acquired in any proceedings upon such judgment. * * *"

[2, 3] It thus clearly appears that section 13 grants priority to a mechanic's lien over all judgment creditors excepting those whose judgments were obtained or claimed for materials furnished, labor performed, or moneys advanced for the improvement of real property. It is, however, argued that this is a limitation based upon the nature of the creditors' original claim, and differs from the limitation imposed upon the rights given a trustee by the section of the Bankruptcy Act, where a trustee is deemed vested with the right of any creditor holding a lien by legal or equitable proceedings. But the trustee is not a creditor. He merely represents the creditors, and by virtue of the Bankruptcy Act is vested with whatever rights any or all of them might have had as against the petition in bankruptcy. In re Duker Ave. Meat Market Co. (C. C. A.) 2 F.(2d) 699. A mechanic's lien is not one obtained through legal proceedings. It is created by statute. It is not lost by adjudication in bankruptcy, even though the lien did not attach until notice. It is not dissolved by adjudication in bankruptcy within the four months after it is acquired. It is valid, save only where it may be attacked for an intent to hinder, delay, or defraud, which is unlikely in a lien of this class.

[4] The state courts of New York, construing this lien, have held that, even if filed after adjudication in bankruptcy, but within the time required by the Lien Law, it takes precedence over the interest of the trustee in bankruptcy in the amount due upon the contract, notwithstanding the amendment of 1910, section 47a of the Bankruptcy Act. Gates & Co. v. John F. Stevens Construction Co., 115 N. E. 22, 220 N. Y. 38; Gates & Co. v. Natl. Fair & Exposition Asso., 121 N. E. 741, 225 N. Y. 142; Hildreth Granite Co. v. Watervliet, 146 N. Y. S. 449, 161 App. Div. 420; Kane Co. v. Kinney, 66 N. E. 619, 174 N. Y. 69. In matters of lien law, the local law, established by decisions of the courts of last resort of the state, shall have a controlling influence on the federal courts, and if a local law is expressed in sufficient clearness, the national courts will accept it, rather than form their own judgment. In re Seward Dredging Co., 242 F. 225, 155 C. C.

A. 65; Kemp Lumber Co. v. Howard, 237 F. 574, 150 C. C. A. 456.

[5] The effect of the amendment of 1910 of the Bankruptcy Act was to make clear that, as respects property in the custody of the bankruptcy court, the trustee shall be considered to have the same title that a creditor holding an execution or other lien by legal or equitable proceedings levied upon that property would have under the state law, but as to property not so in the custody of the bankruptcy court the trustee shall stand in the position of a judgment creditor holding an execution returned unsatisfied. And this entitles the trustee to proceed as an individual creditor might have done to save assets. Thus, in effect, proceedings in bankruptcy will give to creditors the same rights that creditors under the state law would have had, if there had been no bankruptcy, and from which they are debarred by bankruptcy. This is desirable for all parties.

[6, 7] Congress did not intend to create or to disturb such rights as a state gives to its citizens for the protection of their property and the enforcement of their rights. It did not intend to make an adjudication act as a lien superior to the state's mechanic's lien law. It has placed the trustee in a position to protect the rights and remedies of creditors. The purpose of collecting and reducing to money assets the property of the bankrupt cannot, in the absence of expressed declaration by Congress, mean an interference with this statute law of the state creating a lien. All property received by the trustee is so received and burdened with such obligations. Uniformity of application is to be found in the recognition of such a state lien law statute. Creditors dealing with the bankrupt are chargeable with knowledge of the rights accorded by such Lien Law.

The cases decided prior to 1910 by the highest court of the state of New York, and before the amendment of the present Lien Law of that state, are not helpful, because they were dealing with the construction of another statute. McCorkle v. Herrman, 22 N. E. 948, 117 N. Y. 297. The court below properly held that the trustee took the property subject to the lien given to the appellee, which was filed one day after the adjudication in bankruptcy, but within the period allowed by the same Lien Law.

Order affirmed.