### In re BARBER et al.

District Court, S. D. New York.
May 22, 1934.

Martin M. Goldman, of New York City, for trustee.

Jerome Beaudrias, of Yonkers, N. Y., for petitioner.

PATTERSON, District Judge.

Several months prior to bankruptcy the bankrupts filed a notice of lien on a fund for a public improvement, claiming a mechanic's lien under the New York Lien Law (Consol. Laws, c. 33) § 3 et seq. At about the same time the petitioner, Yonkers Builders' Supply Company, filed a notice of lien against the same fund. It later commenced in the state court a suit to foreclose the lien, making the bankrupts and other alleged lienors parties defendant in the suit. On learning of the bankruptcy the petitioner moved in the suit to substitute the trustee as a defendant in place of the bankrupts, which motion was granted. Thereafter the petitioner, believing that the notice of lien filed by the bankrupts was defective, applied to the state court for an order summarily discharging the supposed lien. The trustee then procured from this court an ex parte order staying the petitioner from taking further steps in the foreclosure suit. The petitioner moves to vacate the stay.

It must be borne in mind that it is not the owner of the real estate or the holder of the fund who is in bankruptcy. The bankrupts are subcontractors or materialmen on the job, claimants to part of the fund. The bankruptcy court has in its possession no property or fund of the bankrupts over which others are asserting liens or rights. The fund is in the jurisdiction of the state court. That court is the proper tribunal, and the only tribunal, so far as I know, in which the rights of the trustee in bankruptcy, the petitioner, and other lienors or claimants in the fund can be determined. The fact that alleged lienors became bankrupt before foreclosure of the liens cannot operate to draw the matter to the bankruptcy court or to invest this court with power to declare the validity or invalidity of the lien claimed by the bankrupts. In this sense it makes no difference whether the petitioner's suit was commenced before or after the bankruptcy of rival lienors. The bankruptcy court will not stay the prosecution of a suit concerning a fund not in its custody, merely because one of the alleged lienors is a bankrupt. If authority for so plain a point is needed, reference may be made to In re Grissler, 136 F. 754, at pages 757, 758 (C. C. A. 2).

The trustee complains that he was made a party to the suit without leave granted by this court. It might have been better practice for the petitioner to have procured leave here before joining the trustee as a defendant. But the matter is of no practical importance. Leave would have been granted if it had been sought. The forum for determining the validity of the lien is the state court, and it is to the interest of all concerned that the trustee appear in the suit and be heard on the matter.

The motion to vacate the stay will be granted.