In re BROWN.

MARSHALL & ILSLEY BANK v. BROWN et al.

Nos. 5641, 5664.

Circuit Court of Appeals, Seventh Circuit.

March 12, 1936.

Joseph E. Rapkin, of Milwaukee, Wis., for appellant.

James E. Coleman, of Milwaukee, Wis., for appellees.

Before EVANS and ALSCHULER, Circuit Judges, and BALTZELL, District Judge.

BALTZELL, District Judge.

On the 5th day of December, 1934, Edward Othniel Brown, hereinafter referred to as the debtor, filed a petition in the District Court for the extension and composition of his debts under section 74 of the Bankruptcy Act, as amended (11 U.S. C.A. § 202). Since the filing of the petition, the debtor has died, and this court, under date of December 18, 1935, on petition, substituted the executor of his estate, Edward Dexter Brown, as appellee. The debtor's petition was accompanied by schedules of debtor's assets and liabilities which show that, in addition to his other obligations, he was, at that time, indebted to appellant bank in the total sum of approximately $80,000, as evidenced by four promissory notes. To secure the payment of these notes he had deposited with the bank, as collateral, 50 shares of the common stock of the Brown Brothers Lumber Company, and 1,755 shares of the common stock of the Rhinelander Paper Company, under a pledge agreement. The petition was, on the same day upon which it was

filed, approved by the court as properly filed. Prior to the filing of the petition, appellant had served notice upon the debtor to the effect that it would offer for sale, under the pledge agreement, on the same day upon which the petition was filed, at 2 o'clock p. m., such collateral. The District Court, at the time of the approval of the petition, entered an order, without notice, restraining appellant, until the further order of the court, from offering for sale any and all property deposited by the debtor with it as collateral. The restraining order was served upon appellant at a time prior to the hour fixed for the sale of the collateral. It is alleged in the petition upon which the restraining order was granted, and supported by the affidavit of the debtor, that the property held by appellant as collateral is of the approximate value of $240,000.

On the 7th day of January, 1935, appellant filed its claim in this proceeding for the amount of the indebtedness owing to it by the debtor, which claim was duly allowed by the court. Afterwards, to wit, on January 25th, appellant filed its petition for an order vacating and setting aside the restraining order theretofore issued. The court, on February 28th, entered an order requiring the debtor, and all other persons having an interest therein, to show cause why the prayer of the petition should not be granted, and fixed the date for the hearing upon such petition for April 3d. Issues were joined upon such petition, hearing had by the court, and on September 13th it filed its special findings of fact, upon which it concluded that the petition should be denied, and the restraining order should not be vacated. An order was accordingly entered at that time denying the petition and refusing to vacate the restraining order. From that order the appellant prayed an appeal under date of October 8th, which appeal was allowed by both the District Court and this court. The appellees, other than the debtor, now represented by his executor, are George W. Mason, a creditor, and A. J. O'Melia, custodian.

The contentions of appellant are: First, that the District Court had no jurisdiction to enter the restraining order in question; and, second, that if it had such jurisdiction, the facts did not justify the issuance thereof.

The first question to be determined is, therefore, whether or not the District Court had jurisdiction, under section 74 of the Bankruptcy Act, as amended (11 U.S.C.A. § 202), to issue such restraining order. Under the provisions of this section of the act an embarrassed debtor is afforded an opportunity to present to his creditors a plan for the extension and composition of his debts, and in order that the opportunity thus afforded him may be of any benefit, provision is made that the court approving the petition have exclusive jurisdiction of all of his property, wherever located, from and after the date of such approval.

It is apparent that the shares of stock deposited with the bank by the debtor as collateral are, nevertheless, his property, even though pledged to secure a debt. The possession of such stock, however, remains with the appellant and is security for the payment of the debt owing to it by the debtor. Appellees do not contend that the restraining order divests appellant of the possession of its pledged collateral security. Under the law, appellant is entitled to possession of such collateral, and to the full benefit of the same to the extent of the amount of its indebtedness. A court of equity, however, has the power to enjoin the holders thereof from an immediate sale, if such sale will operate to the injury of the debtor, as well as to other creditors. This power is given the court upon the theory that there may be an equity in the pledged security over and above the amount of the indebtedness secured thereby, and that such equity will inure to the benefit of the debtor and of his other creditors. Thus, it will be seen that the issuance of the restraining order affects not the security held by appellant, but the remedy provided in the pledge agreement. This identical question has been decided by this court, and affirmed by the Supreme Court of the United States, in a case wherein the provisions contained in section 77 of the Bankruptcy Act, as amended (11 U.S.C.A. § 205), similar to the provisions contained in section 74 of the act, were being construed. Continental Illinois Nat. Bank & Trust Co. v. Chicago, R. I. & P. R. Co., and five other cases (C.C.A.) 72 F.(2d) 443, 450. See, also, Id., 294 U.S. 648, 55 S.Ct. 595, 79 L.Ed. 1110. In this connection it will be observed that the provisions of section 74, with reference to jurisdiction of the court over the property of a debtor, are similar to those contained in section 77. Section 74(m), as amended (11 U.S.

C.A. § 202(m) provides, in part: "The filing of a debtor's petition * * * seeking relief under this section shall subject the debtor and his property, whereever located, to the exclusive jurisdiction of the court in which the order approving the petition * * * is filed, * * *." See In re Jacobs (D.C.) 7 F.Supp. 749; In re Kusel (C.C.A.) 75 F.(2d) 314. Section 77(a), as amended (11 U.S.C.A. § 205(a) provides that: "If the petition is so approved, the court in which such order is entered shall, during the pendency of the proceedings * * * have exclusive jurisdiction of the debtor and its property wherever located, * * *." This court, in the case of Continental Illinois Nat. Bank & Trust Co. v. Chicago, R. I. & P. Ry. Co., supra, in construing the provisions of section 77(a), supra, said: "No sufficient reason has been advanced for refusing to give to the language of this section ('have exclusive jurisdiction of the debtor and its property wherever located') the effect and construction which it clearly demands. It extended the court's jurisdiction over the debtor's property so as to include the entire United States. * * * The question, Was the collateral with which the debtor secured its loans from the appellants, property as that word is used in section 77? We answer in the affirmative." There can be no doubt but that the same construction should be placed upon the similar provisions of section 74, and that the pledged property of the debtor held by appellant is "property" as that word is used in the act, and is subject to the jurisdiction of the District Court. This being true, it necessarily follows that the court has the power to protect that jurisdiction, and if it becomes necessary to issue an injunction for the protection thereof, it has the power so to do.

The Supreme Court of the United States, in the case of Continental Illinois Nat. Bank & Trust Co. v. Chicago, R. I. & P. Ry. Co., supra, said: "The power to issue an injunction when necessary to prevent the defeat or impairment of its jurisdiction is, therefore, inherent in a court of bankruptcy, as it is in a duly established court of equity. Section 262 of the Judicial Code (28 U.S.C.A. § 377), which authorizes the United States courts 'to issue all writs not specifically provided for by statute, which may be necessary for the exercise of their respective jurisdictions' recognizes and declares the principle. An example of its application is found in Kline v. Burke Construction Co., 260 U.S. 226, 229, 43 S.Ct. 79, 67 L.Ed. 226, 24 A.L.R. 1077, where we held that a federal court, having first acquired jurisdiction of the subject matter, could enjoin the parties from proceeding in a state court of concurrent jurisdiction 'where the effect of the action would be to defeat or impair the jurisdiction of the federal court.' An injunction may be issued in such circumstances for the purpose of protecting and preserving the jurisdiction of the court 'until the object of the suit is accomplished and complete justice done between the parties.' Looney v. Eastern Texas R. Co., 247 U.S. 214, 221, 38 S.Ct. 460, 462, 62 L.Ed. 1084."

The object of this proceeding has not yet been accomplished. The District Court had the power to issue the restraining order in the first instance, and it has the power to continue in effect such order, if the facts so justify. The cases cited by appellant, and upon which it relies, were decided prior to the enactment of the amendments to the Bankruptcy Act, of which amendments section 74 is one.

The remaining question is whether or not, having the power to issue the restraining order in the first instance, the facts justified the issuance thereof and the denial of the petition of appellant later to vacate the same.

The evidence fails to disclose the true value of the pledged securities. The District Court found, however, that the book value of such securities was $588,000. In addition, there is contained, as a recital, in the restraining order of the District Court, the following language: "and it appearing to the court that the value of said property held by the said bank is approximately $240,000.00; and it further appearing to the court that the sale of said property will result in irreparable loss to petitioner; * * * It is hereby ordered * * *" As was said by the Supreme Court, in the case of Continental Illinois Nat. Bank & Trust Co. v. Chicago, R. I. & P. Ry. Co., supra, "The findings of the district court are in the form of recitals in the order, but are nevertheless in substance and in effect findings of fact." The result to be accomplished by a compliance with the provisions of section 74 of the Bankruptcy Act, as amended, would have been greatly hindered if appellant had been permitted to sell the se-

curities under the pledge agreement, and before a sufficient time had been given the debtor to perfect a plan, as provided in such section. The very object to be attained, by virtue of this proceeding, or any proceeding under section 74 of the Bankruptcy Act, as amended, is to vest in the court the control and supervision of all of debtor's property, wherever located, during the entire proceeding.

The District Court, in the exercise of its discretion, found that such restraining order should issue, and that it should not be vacated on petition of appellant. Referring again to ,the case of Continental Illinois Nat. Bank & Trust Co. v. Chicago, R. I. & P. Ry. Co., supra, the Supreme Court said: "The injunction does not infringe section 67d, U.S.C. Title 11, § 107 (d), 11 U.S.C.A. § 107(d). The substance of that provision is that bona fide liens shall not be affected by anything contained in the Bankruptcy Act. The injunction here in no way impairs the lien, or disturbs the preferred rank of the pledgees. It does no more than suspend the enforcement of the lien by a sale of the collateral pending further action. It may be, as suggested, that during the period of restraint the collateral will decline in value; but the same may be said in respect of an injunction against the sale of real estate upon foreclosure of a mortgage; and such an injunction may issue in an ordinary proceeding in bankruptcy. Straton v. New, 283 U.S. 318, 321, 51 S.Ct. 465, 75 L.Ed. 1060, and cases cited. A claim that injurious consequences will result to the pledgee or the mortgagee may not, of course, be disregarded by the district court; but it presents a question addressed not to the power of the court but to its discretion—a matter not subject to the interference of an appellate court unless such discretion be improvidently exercised. So far as constitutional power is concerned, there is no difference between an injunction restraining the enforcement of a real estate mortgage and one restraining the enforcement of a pledge by the sale of collateral security. Such differences as exist affect not the power but the propriety of its exercise—that is to say, the discretion of the court."

The order is of course without prejudice to renewed applications if the fact situation changes so that prejudice to the creditor is shown. The District Court in the exercise of its discretion will give heed to the creditor's rights as well as to the debtor's wishes. Upon the showing made in the record before us, we agree with the District Court that the equities were all on the side of the debtor.

The decree is affirmed.