**In re WILLAX.***

District Court, S. D. New York.
Aug. 10, 1937.

*Order affirmed — F.(2d) —.

410

David M. Berger, of New York City, for bankrupt.

Watts, Oakes & Bright, of Middletown, N. Y., for petitioners.

LEIBELL, District Judge.

This motion brings up for review an order of the referee in bankruptcy holding in effect that certain creditors, whose claims were secured by mechanics' liens at the time of the institution of a proceeding under section 74 of the Bankruptcy Act, as amended, 11 U.S.C.A. § 202, lost their standing as secured creditors by failing to apply to the state court under sections 17 and 19 of the New York Lien Law for an order to continue the life of their liens beyond the one-year period. These creditors contend that the provisions of section 74, subdivision (m), as amended, and subdivision (n), 11 U.S.C.A. § 202 (m, n) excused them as secured creditors from taking any steps to extend the life of their liens.

The referee's opinion fully sets forth the facts in relation to the various mechanics' liens of the creditors and discusses the legal principles relating thereto.

On February 13, 1936, the bankrupt filed a petition "for a composition or extension of time under section 74 which petition was approved and proceedings under that petition followed."

In January and February, 1936, certain creditors who had furnished labor and materials in connection with the improvement of the debtor's real estate filed mechanics' liens under the New York State Lien Law (Consol.Laws, c. 33). These liens were good for one year, and the time to renew them expired in January and February, 1937. In only two instances did these lienors obtain orders extending the life of the lien and file the same in the office of the county clerk within the period of one year after the date that the lien itself had been filed.

On March 4, 1937, the "proceedings under section 74 were dismissed and the

debtor was adjudged a bankrupt." Subsequently all of the real and personal property belonging to the bankrupt was sold by an order of the referee free and clear of liens, the liens, if any, to attach to the proceeds of the sale.

All of the lien claimants filed proofs of claim as secured creditors in the proceedings under section 74 and some of them voted these claims at various meetings.

On March 6, 1937, one of the lienors who had renewed its lien by a state court order started an action to foreclose its lien by the filing of a notice of the pendency of the action in the county clerk's office on March 6, 1937, but it failed to obtain an order authorizing the joinder of the trustee in bankruptcy as a party defendant or to obtain the permission of this court for the institution of such a suit. This action to foreclose the mechanic's lien was stayed by an order of the referee dated April 2, 1937,

As the referee states: "In the instant case an action to foreclose one of the other liens was indeed brought but it was long after the other liens had expired and hence the institution of this particular action is of no value to other lienors."

When the proceeding for the disposition of the proceeds of the real estate, against which all the liens had originally attached, came up before the referee, the attorney for the bankrupt contended that certain of the lienors should be considered only as general creditors, who would share equally with other general creditors, and were not entitled to any preference, as lienors, because they had not obtained an order in the state court renewing their liens.

■ Although there appears to have been no case exactly like this determined in a proceeding under section 74, nevertheless the language of the statute is clear and the basic principles applicable to this situation have been long established. The duty imposed upon the lienors under the state law to protect themselves against losing the security of their lien by making application to the state court within the one-year period for an extension of the life of the lien is not affected by the provisions of section 74 of the Bankruptcy Act.

■ The federal court follows the local courts in their application of the lien law. The time for perfecting the mechanic's lien is as specified in the state statute; the validity of mechanics' liens is determined by an application of the state law; the decisions of the state courts are considered in construing the state statute. New York-Brooklyn Fuel Corporation v. Fuller (C.C.A.) 11 F.(2d) 802, 804; In re Weston (C.C.A.) 68 F.(2d) 913, 98 A.L.R. 319.

■ Under section 11 of the Bankruptcy Act (11 U.S.C.A. § 29), the court may restrain a lienor from starting a proceeding to enforce his mechanic's lien in the state court against the property of the bankrupt (In re Emslie [C.C.A.] 102 F. 291) because the bankrupt's property was subject to the prior jurisdiction of the bankruptcy court. But this does not give the bankruptcy court the power to restrain a creditor from perfecting his mechanic's lien by filing it with the proper state or local authorities. The distinction between the steps necessary to perfect the mechanic's lien and a proceeding to enforce the lien when perfected is well discussed in the Emslie Case from which the following is quoted (at pages 293, 294 of 102 F.) :

"A trustee in bankruptcy cannot acquire a better title than the bankrupts had, except as to property which has been transferred contrary to the provisions of the bankrupt act, and takes the estate subject to all liens and incumbrances other than those enumerated in section 67 [11 U.S.C.A. § 107]. That section denies the privileges of a lien to claims which, for want of record or for other reasons, would not have been valid as against creditors if there had been no bankruptcy, and enumerates the liens and incumbrances which are dissolved by the adjudication of bankruptcy, or can be kept on foot and enforced by the trustee for the benefit of the estate. The latter consists of two classes, —liens obtained through legal proceedings against an insolvent debtor within four months prior to the filing of a petition in bankruptcy against him, and incumbrances created by the act of the bankrupt within four months prior to the filing of the petition, which are intended to defraud creditors or are void by the laws of the state in which the property is situated. The section preserves all liens given or accepted for a present consideration. In our opinion, liens like the present do not fall within either of the two classes. They are not within the first class, because they are not created or obtained through legal

proceedings, either in strict definition or in the ordinary meaning of the term. A legal proceeding is any proceeding in a court of justice by which a party pursues a remedy which the law affords him. The term embraces any of the formal steps or measures employed in the prosecution or defense of a suit. In the section it obviously refers to the use of judicial process, the phraseology being 'levies, judgments, attachments, or other liens obtained through legal proceedings.' The filing of notice of a mechanic's lien has no necessary relation to the initiation or the prosecution of a suit. The filing is essential in order to maintain the action to foreclose the lien, because otherwise the lien does not attach; but it is no more a preliminary step in the suit than is the protesting of a note in a suit against the indorser. It is a proceeding of the same kind as filing a chattel mortgage or recording a deed."

By the same reasoning the entry of an order in a state court extending the life of the lien is not a proceeding to enforce the lien. The Circuit Court of Appeals of this circuit has held in New York-Brooklyn Fuel Corporation v. Fuller, supra, 11 F.(2d) 802, at page 804: "A mechanic's lien is not one obtained through legal proceedings. It is created by statute. It is not lost by adjudication in bankruptcy, even though the lien did not attach until notice. It is not dissolved by adjudication in bankruptcy within the four months after it is acquired. It is valid, save only where it may be attacked for an intent to hinder, delay, or defraud, which is unlikely in a lien of this class."

The first sentence of subdivision (m) of section 74, as amended, provides: "The filing of a debtor's petition or answer seeking relief under this section shall subject the debtor and his property, wherever located, to the exclusive jurisdiction of the court in which the order approving the petition or answer as provided in subdivision (a) is filed."

Subdivision (n) provides: "In addition to the provisions of section 29 of this title for the staying of pending suits, the court, on such notice and on such terms, if any, as it deems fair and equitable, may enjoin secured creditors who may be affected by the extension proposal from proceeding in any court for the enforcement of their claims until the extension has been confirmed or denied by the court."

Section 74 (m) gives the bankruptcy court exclusive jurisdiction of the bankrupt's property even if, at the time the petition is filed in the bankruptcy court, the property is the subject of a proceeding in a state court to enforce a mechanic's lien, provided that no final decree has been entered in the state court proceeding. Again, this does not empower the bankruptcy court to restrain a creditor from perfecting his lien or extending its life by a state court order. In this respect it does not differ in its effect from section 11 of the act. It should also be noted that section 74 (i) of the act, 11 U.S.C.A. § 202 (i), specifically provides that no extension or composition under section 74 may reduce the amount of or impair the lien of any secured creditor, the court's power being limited to control over the time and method of the liquidation of the lien.

Section 74 (m) of the Bankruptcy Act (as amended) is similar to section 77 (a), 11 U.S.C.A. § 205 (a). Both sections are compared and discussed in Re Brown (C.C.A.) 84 F.(2d) 433. Section 74 (n) supplements section 74 (m), and specifically gives to the bankruptcy court the right to restrain actions in other courts involving the property of the debtor over which the bankruptcy court is given exclusive jurisdiction under section 74 (m).

Section 74 (n) is not self-operating in respect to a stay of a proceeding by a secured creditor for the enforcement of its claim. Application for the stay must be made to the bankruptcy court. This subdivision relates to proceedings for the "enforcement" of secured claims. As stated above the filing of the notice of a mechanic's lien and the application for an order of a state court extending the life of the lien are not proceedings for the enforcement of the lien.

The New York state statute gives or creates the right to the mechanic's lien on real property, prescribes the manner in which it may be acquired and discharged, its duration, and also the procedure by which it may be enforced by foreclosure.

Several sections of the New York State Lien Law are pertinent, from which the following is quoted:

"§ 3. *Mechanic's Lien on Real Property.* A contractor, sub-contractor, laborer or material man, who performs labor or furnishes materials for the improvement of real property with the consent or at the

request of the owner thereof, or of his agent, contractor or sub-contractor, shall have a lien for the principal and interest of the value, or the agreed price, of such labor or materials upon the real property improved or to be improved and upon such improvement, from the time of filing a notice of such lien as prescribed in this article."

"§ 17. *Duration of Lien.* No lien specified in this article shall be a lien for a longer period than one year after the notice of lien has been filed, unless within that time an action is commenced to foreclose the lien, and a notice of the pendency of such action, whether in a court of record or in a court not of record, is filed with the county clerk of the county in which the notice of lien is filed, containing the names of the parties to the action, the object of the action, a brief description of the real property affected thereby, and the time of filing the notice of lien; or unless an order be granted within one year from the filing of such notice by a court of record or a judge or justice thereof, continuing such lien, and such lien shall be redocketed as of the date of granting such order and a statement made that such lien is continued by virtue of such order. No lien shall be continued by such order for more than one year from the granting thereof, but a new order and entry may be made in each successive year. If a lienor is made a party defendant in an action to enforce another lien, and the plaintiff or such defendant has filed a notice of the pendency of the action within the time prescribed in this section, the lien of such defendant is thereby continued. Such action shall be deemed an action to enforce the lien of such defendant lienor."

"§ 19. *Discharge of Lien for Private Improvement.* A lien other than a lien for labor performed or materials furnished for a public improvement specified in this article, may be discharged as follows: * * *

"(2) By failure to begin an action to foreclose such lien or to secure an order continuing it, within one year from the time of filing the notice of lien, unless an action be begun within the same period to foreclose a mortgage or another mechanic's lien upon the same property or any part thereof and a notice of pendency of such action is filed according to law."

These sections are all part of article 2 of the New York State Lien Law, and they deal with the creation, preservation, and discharge of mechanic's liens.

Article 3 of the statute prescribes the procedure for the "enforcement of liens on real property" and is so entitled. Section 41 thereof reads as follows:

"§ 41. *Enforcement of Mechanic's Lien on Real Property.* A mechanic's lien on real property may be enforced against such property, and against a person liable for the debt upon which the lien is founded, by an action, by the lienor, his assignee or legal representative, in a court which has jurisdiction in an action founded on a contract for a sum of money equivalent to the amount of such debt."

I agree with the conclusion of the referee that he had jurisdiction to consider the matter of the validity of the liens and that he was right in holding that the institution of the proceedings by the debtor under section 74 did not restrain the lien creditors from taking the usual steps in the state courts to protect their claims and that the filing by the creditors of a secured claim in the proceeding under section 74 was not a compliance with the provisions of the state statute with respect to the extension of the period of the lien and that these lienors should have made application to the state courts for orders to extend the life of their liens, if they wished to preserve their rights as secured creditors.

The order of the referee is accordingly affirmed. Submit order on notice.