FOURTH DIVISION

March 29, 2001

No. 1-00-2880

SHAID H. NAQVI, ) Appeal from the

) Circuit Court of

) Cook County.

)

Plaintiff-Appellant, )

)

v. ) 

)

ERNEST T. ROSSIELLO and ERNEST T. ) Honorable

ROSSIELLO
 and ASSOCIATES, P.C., ) Kathy M. Flanagan,

) Judge Presiding.

Defendants-Appellees. )

JUSTICE SOUTH delivered the opinion of the court:

This appeal arises from an order of the circuit court of Cook County granting summary judgment and dismissing plaintiff's legal malpractice action against defendants.

  Defendants are attorneys licensed to practice law in the State of Illinois.  In August of 1988, plaintiff retained them to represent him in a retaliatory discharge action against his employer.  A complaint was subsequently filed by defendants on August 12, 1988, in the United States District Court for the Northern District of Illinois, Eastern Division, alleging that plaintiff, a bookkeeper and accountant by education, training and profession, was employed by the employer-defendant until July 5, 1988, when he was "wilfully" and "maliciously" discharged in retaliation for his refusal to engage in illegal activities and wrongful acts which would have been violations of the Internal Revenue Code (IRC) of the United States (26 U.S.C. §104(a)(2) (1994).  The complaint further alleged that as a direct and proximate result of plaintiff's dismissal, he was deprived of compensation, bonuses and benefits and suffered humiliation, embarrassment and mental distress.  The prayer for relief sought compensatory, punitive and exemplary damages. On January 9, 1992, defendants advised plaintiff that his former employer was offering to settle the case and that the proceeds from this settlement would be nontaxable.  Plaintiff agreed to settle the case, and an agreement and release were signed on April 8, 1992.

On August 16, 1995, more than three years after the settlement, plaintiff received a letter from the Internal Revenue Service (IRS), advising him that his 1992 individual tax return had been examined, and it was determined that a payment received by him did not appear on that return.  Consequently, plaintiff was compelled to submit to an IRS audit.

Subsequently, plaintiff received a letter from the IRS, which stated in relevant part:

“The lawsuit filed by the taxpayer asserted that he was deprived of compensation, bonuses and benefits (economic damages flowing out of his employment relationship) and that he suffered humiliation, embarrassment, and mental distress (traditional tort-like injuries).   However, the complaint did not seek separate amounts for each alleged injury.  It merely sought general compensatory damages and punitive damages in equal amounts *** for the tort of retaliatory discharge.

The settlement agreement also failed to apportion the lump sum settlement among the specific injuries and made no attempt even to apportion the settlement between the compensatory damages and punitive damages.  We believe that the intent of the payor of the settlement was to resolve all of the issues raised by the lawsuit without special negotiation, either friendly or adversarial, to fix the tax treatment of the settlement proceeds.  For purposes of our analysis, we will follow the allocation in the underlying lawsuit, treating 50% of the settlement as punitive damages and 50% of the settlement as compensatory damages and will test each category for satisfaction of the requirements for the exclusion under section 104(a)(2) of the Internal Revenue Code.”

Plaintiff was required to pay substantial taxes, interest and penalties on the settlement proceeds.

Plaintiff filed a second amended complaint alleging legal malpractice.  The complaint alleged that had plaintiff known the entire settlement sum was taxable, he would never have agreed to settle the case for the amount agreed upon and that defendants were negligent by failing to apportion the settlement agreement between the compensatory damages, part of which were for embarrassment, humiliation and mental distress, and punitive damages.  The complaint further alleged that by giving plaintiff erroneous tax advice, defendants caused him to incur substantial damages in the form of penalties and interest.

Defendants filed a motion for summary judgment, arguing that plaintiff had failed to allege how he had been damaged.  In addressing the apportionment issue, defendants argued that it did not matter whether the settlement was apportioned between punitive and compensatory damages since the IRS determined that both punitive and compensatory damages were taxable.  Additionally, defendants argued that the case law had changed from what it was in 1992 when the settlement agreement was reached, and that at the time of the settlement, the proceeds were nontaxable.  Defendants maintained that the new law was applied retroactively by the IRS, over which they had no control, and that the tax advice given plaintiff at the time of the settlement was in accordance with the law as it then existed.

The trial court granted the motion for summary judgment, finding that because  plaintiff's damages were incurred as a result of case law that did not exist at the time of the settlement, defendant's actions were not the proximate cause of those damages.   In its memorandum opinion and order, the court stated in relevant part:

“The issue for the purposes of this legal malpractice case is whether the Plaintiff's damages, the payment of taxes and           penalties with regard to his 1992 settlement, were proximately caused by Defendants' failure to structure the settlement to achieve favorable tax-consequences and failure to advise the Plaintiff of the tax consequences with regard to the settlement.  The evidence shows that the reason the IRS held that Plaintiff's compensatory recovery was taxable was based on the 
Schleier
 case.  
Schleier
 was decided in 1995, well, after the settlement in question and after the Defendants' representation of the Plaintiff ceased.  It was not the law of the land in 1992 and thus, the Defendants' failure to follow it with regard to the preparation of the settlement and the advice given therewith cannot be the proximate case [sic] of the Plaintiff's subsequent damages.

­ The IRS also relied on the case of 
O'Gilvie v. US
, 519 U.S. 79 (1996).  There it was held that the exclusionary provision of section 104 (a)(2) did not include punitive damages.  The issue of the excludability from gross income of punitive damages has be [sic] visited and revisited by courts and congress over the years.  The pendulum has swung back and forth between having them be taxable and, under certain circumstances, having them be excludable under section 104(a)(2).  At the most, however, they have generally been taxable.

However, in 1989, the IRS amended section 104(a)(2), allowing punitive damages to be excludable only in cases involving physical injury or sickness.  Recognizing that some ambiguity had previously existed in the law with regard to the excludability of punitive damages, the 
O'Gilvie
 court held that, as punitive damages are intended to punish and deter rather than to compensate a victim for a loss, they represent a windfall or gain which, in light of the history and purpose of tax law, must be taxable as gross income.

Thus, in 1992, punitive damages, except in cases of physical injury or sickness per the 1989 amendment of 104(a)(2), were held to be taxable.  While it could then be said that a question of fact is raised as to whether the Defendants negligence in failing to take the law pertaining to punitive damages into account in structuring the 1992 settlement caused the Plaintiff to incur damages in the amount of taxes levied and penalties assessed vis-a-vis the punitive portion of the settlement, the February 13, 1996, letter from the IRS specifically states that its determination of the taxability of the settlement was based on the 1996 case of 
O'Gilvie v. US
, 519 U.S.79 (as well as the 1995 
Schleier
 case and 
McKay v. CIR
, 84 F.2d 433 (5
th Cir.,1996).  In other words, the Plaintiff's damages in the instant case were incurred as a result of case law that did not exist at the time of the settlement.  Thus, the complained of acts of malpractice on the part of the Defendants did not proximately cause her damages.”

In appeals from summary judgment rulings, this court conducts a 
de novo
 review.  
Outboard Marine Corp. v. Liberty Mutual Insurance Co.
, 154 Ill. 2d 90, 607 N.E.2d 1204 (1992).  Summary judgment is appropriate only when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.  
Purtill v. Hess
, 111 Ill. 2d 229, 489 N.E.2d 867 (1986). 

Section 104(a)(2) of the Internal Revenue Code provides that gross income does not include the amount of any damages received on account of  “personal injuries or sickness.”  That section reads in relevant part:

“Compensation for injuries or sickness

(a) In general 

   Except in the case of amounts attributable to (and not in excess of) deductions allowed under section 213 (relating to medical, etc., expenses) for any prior taxable year, gross income does not include –

   ***

   (2) the amount of any damages received (whether by suit or agreement and whether as lump sums or as periodic payments) on account of personal injuries or sickness.”  26 U.S.C. §104(a)(2) (1994).

A personal injury has long been understood to include nonphysical as well as physical injuries.  
Threlkeld v. Commissioner of Internal Revenue, United States Tax Court
, 87 T.C. 1294, 1305 (1986).  If a settlement agreement does not expressly state that the payment is being made on account of personal injuries, the payor's intent in making the payment becomes controlling.  
Kurkowski v. Commissioner of Internal Revenue
, 917 F.2d 1033, 1036 (7
th Cir. 1990).

In 
Commissioner v. Schleier
, 515 U.S. 323, 330, 132 L. Ed. 2d 294, 303, 115 S. Ct. 2159, 2164 (1995), the Supreme Court held that damages which are incurred as a result of age discrimination under the Age Discrimination in Employment Act of 1967 (ADEA) (29 U.S.C. §621 
et seq.
 (1994), were not on account of personal injury or sickness and, therefore, were not excludable under section 104(a)(2).  Justice Stevens determined, based upon the plain language of the statute, that a recovery for damages for age discrimination was not excludable under section 104(a)(2) because the damages were not in the nature of a personal injury.  Justice Stevens presented a hypothetical situation wherein a taxpayer is injured in an automobile accident and as a result of his injuries incurs medical expenses, lost wages, pain, suffering and emotional distress.  If the taxpayer settles the lawsuit, the entire amount would be excludable under section 104(a)(2) because the medical expenses, pain and suffering, lost wages, emotional distress, etc., were all on account of personal injuries.  
Schleier
, 515 U.S. at 329, 132 L. Ed. 2d at 302, 115 S. Ct. at 2163-64.

He went on to conclude with this hypothetical:

“[E]ach element of the settlement is recoverable not simply because the taxpayer received a tort settlement, but rather because each element of the settlement satisfies the requirement set forth in §104(a)(2) *** that the damages were received ‘on account of personal injuries or sickness.’” 
Schleier
, 515 U.S. at 330, 132 L. Ed. 2d at 302, 115 S. Ct. at 2164.

Schlei
er went on to hold that, in contrast, recovery under the ADEA is not excludable under the plain language of section 104(a)(2) because it does not satisfy “the critical requirement of being ‘on account of personal injury or sickness.’”  
Schleier
, 515 U.S. at 330, 132 L. Ed. 2d at 303, 115 S. Ct. at 2164.    Justice Stevens also pointed out that the ADEA does not permit a separate recovery of compensatory damages for pain and suffering or emotional distress.  
Schleier
, 515 U.S. at 329, 132 L. Ed. 2d at 302, 115 S. Ct. at 2164.    While respondent's unlawful termination may have caused some psychological or personal injury, no part of his recovery of back wages was attributable to that injury.                  

In 
O'Gilvie v. United States
, 519 U.S. 79, 136 L. Ed. 2d 454, 117 S. Ct. 452 (1996), the husband of a woman who died of toxic shock syndrome brought an action on his behalf and that of her estate in tort.  After receiving a jury award, which included amounts for both actual damages and punitive damages, he paid income tax on that portion of the proceeds which represented punitive damages.  He subsequently brought an action for a refund.  The Supreme Court held he was not entitled to a refund because the punitive damages portion of the award were not received “on account of” personal injuries within the meaning of section 104(a)(2) and, therefore, were not taxable.  The Court reasoned that punitive damages are awarded not as compensation for an injury but as private fines levied to punish and deter reprehensible conduct.

In the instant case, the original complaint against plaintiff's employer, which was filed in the United States District Court, sought compensatory and punitive damages for lost compensation, bonuses and benefits, as well as for embarrassment, humiliation and mental distress.  In its letter to plaintiff, the IRS points out that no attempt was made to allocate the settlement proceeds to those injuries.  For example, there was no allocation of, say, $50,000 for lost wages, bonuses and benefits, and, say, $250,000 for embarrassment, humiliation and emotional distress.  It is undisputed that the latter –  embarrassment, humiliation and emotional distress – are considered personal tort-like injuries and thus would be excludable as nontaxable income under section 104(a)(2).  Lost wages or compensation, bonuses and benefits are not personal injuries and, therefore, would not be excludable but taxable under that section.

Unlike 
Schleier
, the instant retaliatory discharge complaint sought compensation for, 
inter alia
,  personal injuries, 
i.e.,
 mental distress, embarrassment and humiliation, which we believe satisfies the critical requirement of being “on account of personal injuries.” 26 U.S.C. §104(a)(2) (1994).   It purportedly sought a separate recovery for those damages and alleged that the retaliatory discharge caused, in part,  those injuries.   While the trial court was correct that the above case law did not exist at the time of the settlement, damages received on account of personal injuries were still excludable under section104(a)(2), and the retaliatory discharge complaint sought, in part, compensation for damages received on account of personal injuries.   

There is no question that the punitive damages portion of the settlement was taxable because it is not being given as compensation for an injury but as a private fine to punish the employer's conduct. 
O'Gilvie
, 519 U.S. 79, 136 L. Ed. 2d 454, 117 S. Ct. 452.  However, the question remains whether there is a triable fact as to whether defendant was negligent in advising him that the entire compensatory portion of settlement proceeds was tax free. 

In 
United States v. Burke
, 504 U.S. 229, 119 L. Ed. 2d 34, 112 S. Ct. 1867 (1992), female employees of the Tennessee Valley Authority (TVA) filed a Title VII (42 U.S.C. §2000a 
et seq.
 (1994)) action alleging that TVA had discriminated unlawfully in the payment of salaries on the basis of sex.  TVA had increased the salaries of employees in certain male-dominated pay schedules, but not only had not increased the salaries of employees in certain female-dominated schedules, but had lowered salaries in some female-dominated schedules.  The parties reached a settlement.  TVA paid, withholding federal income taxes on the amounts allocated to the claimants who had agreed to that procedure.

Burke and other employees filed claims for a refund of the taxes withheld from the settlement payments.  The IRS disallowed the claims; a suit in the United States District Court followed.  The trial court rejected plaintiff's argument that the settlement payments should be excluded from their respective gross incomes under section 104(a)(2) of the IRC as damages received (whether by suit or agreement and whether as lump sums or as periodic payments) on account of personal injuries or sickness.

The court of appeals reversed, concluding that “TVA's unlawful sex discrimination constituted a personal, tort-like injury to respondents, and rejected the Government's attempt to distinguish Title VII, which authorizes no compensatory or punitive damages, from other statutes thought to redress personal injuries.”  
Burke
, 504 U.S. at 232, 119 L. Ed. 2d at 41, 112 S. Ct. at 1869.  

On 
certiorari
, the Supreme Court reversed, focusing on the inquiry whether Title VII, the legal basis for their recovery of back pay, redresses a tort-like personal injury.  The Court found that it did not.

Under Title VII, as it existed before its amendment in 1991, employees aggrieved by discrimination in employment on the basis of sex, race, or any of the other protected classifications were entitled only to the remedies of back pay, injunctions, and other equitable relief.  Unlike remedies available under traditional tort law and under other federal antidiscrimination statutes, nothing in Title VII's remedial scheme “purports to recompense a Title VII plaintiff for any of the other traditional harms associated with personal injury, such as pain and suffering, emotional distress, harm to reputation, or other consequential damages.” 
Burke
, 504 U.S. at 239,  119 L. Ed. 2d at 46, 112 S. Ct. at 1873.

Concluding that “Congress declined to recompense Title VII plaintiffs for anything beyond the wages properly due them” (
Burke
, 504 U.S. at 241, 119 L. Ed. 2d at 47, 112 S. Ct. at 1874), the Court held that the back pay awards received by respondents in settlement of their Title VII claims are not excludable from gross income as “damages received *** on account of personal injuries” under the IRC (26 U.S.C. §104(a)(2) (1994)).

In retaliatory discharge cases, plaintiffs are recompensed for wages, benefits and bonuses.  The complaint in this case sought recompense, not only for wages, bonuses and benefits, but compensation for mental distress, embarrassment and humiliation, which undeniably are in the nature of personal injuries.  While the portion of the retaliatory discharge complaint which sought back pay, benefits and bonuses was not excludable under the IRC, it is clear that the portion of the complaint seeking recompense for humiliation, mental distress and embarrassment was excludable under the IRC because it is in the nature of personal injuries.  However, in the settlement agreement, as the IRS pointed out in its letter to plaintiff, no attempt was made to apportion or allocate among the injuries, nor did it seek separate recovery for the personal injuries, which is a common practice in retaliatory discharge cases where a separate count is filed for, say, intentional infliction of emotional distress.   Defendants' main defense throughout these proceedings has been that in 1992, proceeds under a retaliatory discharge action were excludable but are not now excludable.  In 1992, as well as today, traditional tort-like injuries, such as embarrassment, humiliation and mental distress, were excludable as nontaxable income under section 104(a)(2).   Had the settlement agreement apportioned the monies between the compensatory damages and punitive damages,  the compensatory portion, which sought relief for humiliation, mental distress and humiliation, arguably would have been nontaxable for purposes of section 104(a)(2).  It is not disputed that punitive damages are not excludable from income as they constitute a windfall over and above any award of compensatory damages.  
O'Gilvie
, 519 U.S. 79, 136 L. Ed. 2d 454, 117 S. Ct. 452.  Although punitive damages are levied for the public purpose of punishment and deterrence, the proceeds become a private windfall.  
Commissioner of Internal Revenue v. Miller
, 914 F.2d 586, 591 (4
th Cir. 1990).  However, that portion of the compensatory damages which sought compensation for plaintiff's embarrassment, humiliation and mental distress was excludable, but because neither the complaint nor the settlement agreement specified which sums were being sought for those injuries, the entire amount was taxable.   

We find, therefore, that the court erred in determining there was no factual question  presented as to whether defendant was negligent in advising plaintiff that the entire proceeds of the settlement were nontaxable, making summary judgment inappropriate.

Based upon the foregoing analysis, the judgment of the circuit court is reversed and the cause remanded for further proceedings.

Reversed and remanded. 

HARTMAN, P.J., and BARTH, J., concur.